UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEQUOYAH OZOROWSKY,

    Plaintiff,

v.                                                                                                    **COMPLAINT**
                                                                                                     [JURY TRIAL DEMANDED]
BAYFRONT HMA HEALTHCARE
HOLDINGS, LLC d/b/a BAYFRONT
HEALTH ST. PETERSBURG f/k/a
BAYFRONT HOSPITAL

    Defendant.
_____/

Plaintiff Sequoyah Ozorowsky hereby sues Defendant Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health St. Petersburg f/k/a Bayfront Hospital, and alleges the following:

**JURISDICTION & VENUE**

1. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as some or all of Plaintiff's claims alleged herein arise under federal law.

2. The Court has jurisdiction over the subject matter of this action pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* (the "USERRA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA").

3. Plaintiff's claims for relief are also predicated upon the subject matter construed under Chapter 760, Florida Statutes, the Florida Civil Rights Act, § 448.102, Florida Statutes, the

Florida Private Sector Whistleblower Act, and §§ 250.81-250.84, the Florida Uniformed Servicemembers Protection Act (hereinafter FUSPA).

4. The Court has supplemental jurisdiction over the subject matter pursuant to 28 U.S.C. § 1367.

**PARTIES**

5. Plaintiff is a member of a class protected by law because he was discriminated against and retaliated against by his employer, the Defendant, in part due to his military status and performed service in the Armed Forces of the United States. Plaintiff is also a member of a protected class because of his service-connected disability and objections to violation(s) of law, rule or regulation.

6. At all times pertinent hereto, Plaintiff, Sequoyah Ozorowsky, (hereinafter "Plaintiff") has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his actual or perceived disability and military status. Moreover, Plaintiff is a member of a protected class because he reported unlawful employment practices and/or objected to violation(s) of law, rule or regulation and was subject to retaliation thereafter.

7. At all times pertinent hereto, Defendant, Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health St. Petersburg f/k/a Bayfront Hospital, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

8. During the times relevant to this action, Defendant, Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health St. Petersburg f/k/a Bayfront Hospital, knew of Plaintiff's status as a member of the military.

9. At all times pertinent hereto, Defendant has been conducting business in Pinellas County, Florida, within the jurisdiction of this court. At all times pertinent hereto, Defendant has been an employer as that term is used under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* (the "USERRA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA").

## TITLE VII / PDA / ADA/ FCRA STATUTORY PREREQUISITES

10. Plaintiff is a male "person" who suffered discrimination based on a service-connected disability.  As such he is a member of a class of individuals protected by the ADA and the FCRA.

11. Plaintiff was qualified for his position.

12. Plaintiff suffered an adverse effect upon his employment by being terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process being Plaintiff's service-connected disability.

13. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

14. The Defendant meets the statutory criteria for coverage as an "employer" under the ADA and the FCRA.

15. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADA and the FCRA.

16. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 2, 2020 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on August 5, 2020, and which was received by Plaintiff on August 12, 2020. Therefore the complaint is filed within 90 days of receiving his right to sue letter.

17. Accordingly Plaintiff has completed all other ADA requirements and all other prerequisites prior to bringing this lawsuit.

18. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## FACTS

19. Plaintiff worked for the Defendant from January 17, 2019 through September 3, 2019 while also an active member in the Armed Forces of the United States. During his tenure with Defendant, Plaintiff held the position of Patient Access Associate – Registrar.

20. In March 2019, Plaintiff enlisted for service with the United States Army Reserve. Plaintiff immediately notified his supervisor, Kathy Delon, that he would be attending Army basic training. Ms. Delon stated that she would not hold Plaintiff's position and that he would not be reemployed upon his return.

21. Plaintiff objected to the violation of law and also reported the violation of law to Lori Sparr in the HR Department. Prior to mobilizing for basic training, Plaintiff delivered a copy of his orders to his newly assigned supervisor, Drew Sands. Mr. Sands refused to approve of Plaintiff's leave request. Plaintiff again objected to the violation of law and reported the violation of law to HR.

22. In May 2019, Plaintiff mobilized for basic training.

23. While in basic training Plaintiff incurred a debilitating injury. Plaintiff advised his supervisor and HR that he had been injured while on active duty. He asked for the reasonable accommodation of extending his leave in order to treat for his injury and until the Army released him.

24. On or around August 24, 2019, Plaintiff advised Drew Sands that he would be discharged from the Army because of his injury. Plaintiff advised Mr. Sands that Defendant was required to reemploy him pursuant to USERRA.

25. On September 3, 2019, Plaintiff reported to Defendant to resume his job. Plaintiff was advised he had been terminated. Defendant has not returned Plaintiff to his escalator position.

26. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

27. Defendant's actions were willful and/or were in reckless disregard of the severity of the violations of law represented by the same.

28. Plaintiff has retained the undersigned to represent his interest in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws identified above and such other grounds as are authorized.

**COUNT I**
**FAILURE TO REEMPLOY IN VIOLATION OF THE UNIFORMED**
**SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT**

29. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

30. Defendant is an employer as that term is used under the applicable statutes referenced above. An employer, for the purposes of USERRA, is "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including…any successor in interest to a person, institution, organization, or other entity referred to in this subparagraph." Reynolds v. RehabCare Grp. E., Inc., 590 F. Supp. 2d 1107 (S.D. Iowa 2008).

31. Plaintiff is otherwise eligible, qualified, and ready to perform the employment responsibilities associated therewith.

32. The foregoing allegations establish a cause of action for unlawful failure to reemploy based on Plaintiff's military status.

33. Plaintiff was statutorily entitled to reemployment under USERRA with the Defendant, and the Defendant refused to reemploy the Plaintiff.

34. Plaintiff properly provided notice to his employer prior to entering active duty service, and Defendant unlawfully terminated Plaintiff during Plaintiff's active duty service. Defendant refused to reemploy Plaintiff after proper application for reemployment.

35. Defendant's conduct as alleged in this complaint constitutes an unlawful employment practice in violation of USERRA.

36. The foregoing unlawful actions by Defendant were willful and/or recklessly indifferent to the applicable provisions of USERRA.

37. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff suffered lost wages and other tangible and intangible damages. He is entitled to all damages authorized by law and to injunctive relief.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

38. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

39. Plaintiff was otherwise eligible, qualified, ready, and willing to train and maintain his employment with Defendant.

40. Defendant terminated Plaintiff in part due to his military service and/or unavailability due to military service.

41. Plaintiff's membership, service and/or obligation for service in the United States Army Reserve was a motivating factor in the Defendant's termination of Plaintiff.

42. Plaintiff has lost wages and other economic benefits, as a direct and proximate result of the Defendant's refusal to reemploy him as a Patient Access Associate – Registrar.

43. Defendant's violations of USERRA were willful, because Defendants knew or perceived the risk that its termination of Plaintiff because, in part, of his military service and/or unavailability due to service violated USERRA or Defendants showed reckless disregard for the matter of whether they terminated Plaintiff because, in part, of his military service and/or because of his unavailability due to service was prohibited by USERRA.

## COUNT III
## RETALIATION IN VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

44. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

45. Plaintiff's obligations or membership for service in the uniformed services or exercise of a right provided for under USERRA were a motivating factor in all derogatory and retaliatory actions taken against Plaintiff by Defendant.

46. Specifically, Plaintiff's membership as a soldier in the United States Army Reserve and/or Plaintiff's exercise of a right as a member of the United States Army Reserve caused him to be retaliated against by the Defendant. Plaintiff was subjected to retaliation for performing his military service and/or requesting a right be afforded to him by Defendant under the Uniformed Servicemembers Employment and Reemployment Rights Act (USERRA), 38 U.S.C §4311.

47. Plaintiff is entitled to seek relief for the violations of 38 U.S.C. §4311 (USERRA).

48. Defendant's violations of USERRA were willful, because Defendant knew or perceived the risk that its continued harassment and retaliation against Plaintiff violated USERRA or Defendant showed reckless disregard for the matter of whether its continued harassment and retaliation was prohibited by USERRA.

## COUNT IV
## VIOLATION OF THE FLORIDA UNIFORMED SERVICEMEMBERS PROTECTION ACT

49. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

50. The Florida Uniformed Servicemembers Protection Act (hereinafter FUSPA), through Fla. Stat. §§ 250.81-250.84, fully incorporates by reference the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §4301 *et seq*.

51. FUSPA provides in pertinent part:

> "In addition to any other relief or penalty provided by State or federal law, a person is liable for a civil penalty of not more than $1,000 per violation if that person violates any provision of this chapter affording protections to members of the United States Armed Forces, the United States Reserve Forces, or the National Guard or any provision of federal law affording

>protections to such service members over which a state court has concurrent jurisdiction under s. 250.82." Fla. Stat. § 250.905 (2015).

52. Plaintiff is entitled to seek relief under FUSPA for each violation of USERRA and Florida Statutes, in addition to the relief to which he is entitled for the violations of USERRA itself.

## COUNT V
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION UNDER THE ADAAA

53. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

54. Plaintiff was a qualified individual with a disability recognized under the ADAAA.

55. Plaintiff was disabled/perceived as disabled by Defendants.

56. Defendant was Plaintiff's employer as defined by the ADAAA.

57. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

58. Defendant discriminated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his need for a work accommodation related to his disability.

59. Defendant had actual or constructive knowledge of the discriminatory conduct.

60. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

61. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

63. Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

64. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

## COUNT VI
## DISCRIMINATION—CHAPTER 760, FLORIDA STATUTES

65. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

66. Plaintiff was disabled/perceived as disabled by Defendant.

67. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes as it relates to Plaintiff's medical condition.

68. Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

69. Defendant is liable for the differential treatment and/or its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

70. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

71. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

72. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon disability or perceived disability or Plaintiff's record of having an impairment under the Americans with Disabilities Act.

73. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT VII
## RETALIATION UNDER THE ADAAA

74. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

75. Plaintiff was a qualified individual with a disability recognized under the ADAAA.

76. Plaintiff was perceived as disabled by Defendant.

77. Defendant was Plaintiff's employer as defined by the ADAAA.

78. Defendant retaliated against Plaintiff because, in part, of his request for a reasonable accommodation in violation of the ADAAA.

79. Defendant retaliated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendants of his need for a work accommodation related to his disability.

80. Defendant had actual or constructive knowledge of the retaliatory conduct.

81. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

82. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADAAA.

83. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

84. Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

85. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

## COUNT VIII
## RETALIATION—CHAPTER 760, FLORIDA STATUTES

86. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

87. Defendant is an employer as that term is used under the applicable statutes referenced above.

88. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

89. The foregoing unlawful actions by Defendant were purposeful.

90. Plaintiff engaged in protected activity by asking for reasonable accommodation(s) during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

91. Plaintiff is a member of a protected class because Plaintiff engaged in protected activity and was the victim of retaliation thereafter. There is thus a causal connection between the requesting of a reasonable accommodation(s) and the adverse employment action taken thereafter.

92. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT IX
## VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLE-BLOWER ACT, FLA STAT §448.102 AS TO DEFENDANT

93. Plaintiff incorporates the allegations of the above paragraphs herein by reference.

94. Florida Statute §448.102 *et seq.,* expressly provides that an employer may not take any retaliatory action against an employee because the employee has: "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

95. At all times material to this action, Plaintiff was an employee of Defendant within the meaning of Florida Statutes §448.101(2).

96. At all times material to this action, Defendant was an "employer" within the meaning of Florida Statutes §448.101(3) and regularly employed more than ten (10) persons.

97. Defendant violated Florida Statutes §448.102 by taking retaliatory personnel actions against Plaintiff, to include formally disciplining, changing the terms and conditions of employment and ultimately termination, because of Plaintiff's complaints to Defendant which he possessed a good faith, objectively reasonable belief that Defendant's actions were violations of the Florida and/or Federal law.

98. Defendant and/or its agents, managers, and supervisors actively and knowingly participated in the retaliatory actions taken against Plaintiff having actual knowledge and/or

constructive knowledge of the wrongfulness of their conduct and the high probability that injury and/or damage to Plaintiff would result, and/or acted with such reckless disregard for, or with an absence of reasonable care, as to constitute a conscious disregard for, or indifference to, Plaintiff's statutorily protected rights, and/or acted with such gross negligence that Defendant contributed to Plaintiff's damages, injuries, and losses.

99. As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, severe emotional distress, humiliation, and other non-pecuniary losses and intangible injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays the Court award Plaintiff the following relief:

1. A trial by jury as to all matters so triable;

2. Equitable relief against Defendant mandating Defendant's obedience to the laws set forth herein and providing such other equitable relief as the Court deems just and proper;

3. That Plaintiff have and recover from Defendant's compensatory, extra-compensatory, punitive, and statutory damages to the extent the law allows;

4. That Plaintiff have and recover from Defendant pre and post-judgment interest on such award of damages to the extent the law allows;

5. That Plaintiff have and recover his costs and reasonable attorney's fees from Defendant to the extent the law allows; and

6.       Any other relief the Court deems just and appropriate.

DATED this 2nd day of November, 2020.

Respectfully submitted,

*/s/ Thomas L. Dickens, III*
THOMAS L. DICKENS, III
Florida Bar No.: 063687
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile:  (407) 204-2208
tdickens@forthepeople.com
mfermaint@forthepeople.com;

ATTORNEY FOR PLAINTIFFS