UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEQUOYAH OZOROWSKY,

    Plaintiff,

v.

BAYFRONT HMA HEALTHCARE HOLDINGS,
LLC d/b/a BAYFRONT HEALTH ST.
PETERSBURG f/k/a BAYFRONT HOSPITAL,

    Defendant.

CASE NO.: 8:20-cv-02564

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO COUNTS I THROUGH III OF PLAINTIFF'S COMPLAINT**

Defendant, Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health St. Petersburg f/k/a Bayfront Hospital ("Bayfront" or "Defendant"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to Counts I through III of Plaintiff's Complaint.[1] Responding to the specifically numbered paragraphs of the Complaint and using the same numbered paragraphs and headings that appear therein, Bayfront answers as follows:

In response to the unnumbered paragraph following the heading "Complaint," Bayfront admits that Plaintiff, Sequoyah Ozorowsky ("Plaintiff"), has sued Bayfront, but Bayfront denies that Plaintiff is entitled to any relief or damages whatsoever.

**JURISDICTION & VENUE**

1.     Admitted.

2.     Admitted.

3.     Admitted.

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant is simultaneously moving to dismiss Counts IV through IX of Plaintiff's Complaint for failure to state a cause of action.

1

4. Admitted.

## PARTIES

5. Denied.

6. In response to Paragraph No. 6 of Plaintiff's Complaint, Bayfront admits that Plaintiff worked for Bayfront for a period of time. Bayfront is without sufficient knowledge or information as to Plaintiff's state of residency or the definition of the terms "[a]t all times pertinent hereto," and, therefore, Bayfront denies the allegations that "[a]t all times pertinent hereto, Plaintiff, Sequoyah Ozorowsky . . . has been a resident of the State of Florida." Bayfront denies all remaining allegations in Paragraph No. 6 of Plaintiff's Complaint.

7. In response to Paragraph No. 7 of Plaintiff's Complaint, Bayfront admits it is organized and exists under the laws of the State of Florida; that it is an "employer" within the meaning of 38 U.S.C. § 4303(3), 42 U.S.C. § 12111(5), Fla. Stat. § 760.02(7), and Fla. Stat. § 448.101(3); and that it employed Plaintiff for a period of time. Bayfront denies all remaining allegations in Paragraph No. 7 of Plaintiff's Complaint.

8. In response to Paragraph No. 8 of Plaintiff's Complaint, Bayfront is without sufficient knowledge or information as to the definition of the terms "[d]uring the times relevant to this action," and therefore, Bayfront denies the allegations in Paragraph No. 8 of Plaintiff's Complaint.

9. In response to Paragraph No. 9 of Plaintiff's Complaint, Bayfront admits that it conducts business in Pinellas County, Florida; that this Court has jurisdiction over Plaintiff's claims; and that Bayfront is an "employer" within the meaning of 38 U.S.C. § 4303(3) and 42 U.S.C. § 12111(5). Bayfront denies all remaining allegations in Paragraph No. 9 of Plaintiff's Complaint.

## TITLE VII / PDA / ADA / FCRA STATUTORY PREREQUISITES[2]

10. In response to Paragraph No. 10 of Plaintiff's Complaint, Bayfront admits that Plaintiff is a male and that he sustained an injury while in basic training. Bayfront denies all remaining allegations in Paragraph No. 10 of Plaintiff's Complaint.

11. Denied.

12. Denied.

13. Denied.

14. In response to Paragraph No. 14 of Plaintiff's Complaint, Bayfront admits it is an "employer" within the meaning of 42 U.S.C. § 12111(5) and Fla. Stat. § 760.02(7). Bayfront is without sufficient knowledge or information as to the definition of the terms "the statutory criteria for coverage," and therefore, denies all remaining allegations in Paragraph No. 14 of Plaintiff's Complaint.

15. In response to Paragraph No. 15 of Plaintiff's Complaint, Bayfront admits Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4) and "person" within the meaning of Fla. Stat. § 760.02(6). Bayfront is without sufficient knowledge or information as to the definition of the terms "the statutory criteria for coverage," and therefore, denies all remaining allegations in Paragraph No. 15 of Plaintiff's Complaint.

16. In response to Paragraph No. 16 of Plaintiff's Complaint, Bayfront admits Plaintiff filed a charge of discrimination and was issued a right-to-sue letter dated August 5, 2020. Bayfront is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph No. 16 of Plaintiff's Complaint, and, therefore, denies all remaining allegations, while specifically denying that any discrimination or retaliation have occurred.

---

[2] In response to the heading on page 3 of Plaintiff's Complaint, Bayfront denies that Plaintiff has met any statutory prerequisites for, or has brought any claims under, or can establish any claims for Title VII or PDA.

17. In response to Paragraph No. 17 of Plaintiff's Complaint, Bayfront is without sufficient knowledge or information to admit or deny the allegations, and, therefore, Bayfront denies all allegations in Paragraph No. 17 of Plaintiff's Complaint.

18. In response to Paragraph No. 18 of Plaintiff's Complaint, Bayfront is without sufficient knowledge or information to admit or deny the allegations, and, therefore, denies all allegations in Paragraph No. 18 of Plaintiff's Complaint.

### *Alleged* **FACTS**

19. In response to Paragraph No. 19 of Plaintiff's Complaint, Bayfront admits that Plaintiff worked for Bayfront as a Patient Access Associate – Registrar for a period of time beginning in January 2019, and that he attended basic training with the U.S. Army Reserve for a period of time. Bayfront denies the remaining allegations in Paragraph No. 19 of Plaintiff's Complaint.

20. In response to Paragraph No. 20 of Plaintiff's Complaint, Bayfront admits that Plaintiff enlisted for service with the U.S. Army Reserve and that he notified his supervisor Kathy Delon that he would be attending basic training. Bayfront denies the remaining allegations in Paragraph No. 20 of Plaintiff's Complaint.

21. In response to Paragraph No. 21 of Plaintiff's Complaint, Bayfront admits that Plaintiff provided his basic training documents to Bayfront and subsequently began basic training. Bayfront denies the remaining allegations in Paragraph No. 21 of Plaintiff's Complaint.

22. Admitted.

23. In response to Paragraph No. 23 of Plaintiff's Complaint, Bayfront admits that Plaintiff represented to Bayfront that he had sustained an injury while in basic training and that he was not ready to return to work due to his injury. Bayfront denies the remaining allegations in

Paragraph No. 23 of Plaintiff's Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. In response to Paragraph No. 28 of Plaintiff's Complaint, Bayfront is without sufficient knowledge or information as to Plaintiff's fee or services arrangement with his counsel, and, therefore, Bayfront denies the allegations that "Plaintiff has retained the undersigned to represent his interest in this cause and is obligated to pay a fee for these services." Bayfront denies all remaining allegations in Paragraph No. 28 of Plaintiff's Complaint.

### COUNT I
### *Alleged* FAILURE TO REEMPLOY IN VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

29. In response to Paragraph No. 29 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

30. In response to Paragraph No. 30 of Plaintiff's Complaint, Bayfront admits it is an "employer" within the meaning of 38 U.S.C. § 4303(3). Bayfront is without sufficient knowledge or information as to the definition of the terms "applicable statutes referenced above," and therefore denies the allegations that "Defendant is an employer as that term is used under the applicable statutes referenced above." The remaining allegations in Paragraph No. 30 of Plaintiff's Complaint do not contain factual allegations, and, therefore, no response is required.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II
## *Alleged* DISCRIMINATION IN VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

38. In response to Paragraph No. 38 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT III
## *Alleged* RETALIATION IN VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

44. In response to Paragraph No. 44 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT IV
### *Alleged* VIOLATION OF THE FLORIDA UNIFORMED SERVICEMEMBERS PROTECTION ACT

Defendant is contemporaneously moving to dismiss Count IV, Paragraphs Nos. 49 through 52, of Plaintiff's Complaint.

## COUNT V
### *Alleged* DISABILITY/PERCEIVED DISABILITY DISCRIMINATION UNDER THE ADAAA

Defendant is contemporaneously moving to dismiss Count V, Paragraphs Nos. 53 through 64, of Plaintiff's Complaint.

## COUNT VI
### *Alleged* DISABILITY – CHAPTER 760, FLORIDA STATUTES

Defendant is contemporaneously moving to dismiss Count VI, Paragraphs Nos. 65 through 73, of Plaintiff's Complaint.

## COUNT VII
### *Alleged* RETALIATION UNDER THE ADAAA

Defendant is contemporaneously moving to dismiss Count VII, Paragraphs Nos. 74 through 85, of Plaintiff's Complaint.

## COUNT VIII
### *Alleged* RETALIATION – CHAPTER 760, FLORIDA STATUTES

Defendant is contemporaneously moving to dismiss Count VIII, Paragraphs Nos. 86 through 92, of Plaintiff's Complaint.

## COUNT IX
### *Alleged* VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLEBLOWER ACT. FLA. STAT. § 448.102

Defendant is contemporaneously moving to dismiss Count IX, Paragraphs Nos. 93 through 99, of Plaintiff's Complaint.

## PRAYER FOR RELIEF

In response to the "Prayer for Relief" clause following Paragraph No. 99 of Plaintiff's Complaint, Defendant admits that Plaintiff has requested a jury trial and is seeking various damages and relief, but Defendant denies that Plaintiff is entitled to any damages or relief whatsoever, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

In asserting the defenses that follow, Bayfront does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Bayfront will continue to investigate Plaintiff's allegations as they may further develop during this case; therefore, Bayfront reserves the right to amend its Answer and Defenses. Further, to the extent that the Court denies Bayfront's Motion to Dismiss Counts IV through IX of Plaintiff's Complaint in whole or in part, Defendant reserves the right to amend its Answer and Defenses to add defenses as to any and all claims pled in Counts IV through IX that have not been dismissed and remain in this action.

**Bayfront denies all allegations, requests for relief, captions, headings, or notes throughout Plaintiff's Complaint which are not specifically admitted by Bayfront.**

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims for failure to reemploy under USERRA are barred, in whole or in part, to the extent that Plaintiff has failed to comply with any statutory conditions for reemployment under 38 U.S.C. §§ 4304, 4312, or any other sections of USERRA or interpreting regulations.

## THIRD DEFENSE

Plaintiff's claims for failure to reemploy under USERRA are barred, in whole or in part,

to the extent that Bayfront was excused from reemploying Plaintiff under 38 U.S.C. § 4312, or any other sections of USERRA or interpreting regulations.

## FOURTH DEFENSE

Plaintiff's claims for discrimination under USERRA are barred, in whole or in part, to the extent that Plaintiff cannot establish that he had a qualifying service-connected disability.

## FIFTH DEFENSE

Plaintiff's USERRA claims are barred because Plaintiff was not subjected to any adverse employment action.

## SIXTH DEFENSE

In the unlikely event a jury could find that Defendant took any affirmative adverse employment action against Plaintiff (which Bayfront denies), Plaintiff's claims are barred because Defendant's conduct was not motivated by Plaintiff's membership, application for membership, service, application for service, or obligation for service in the uniformed services.

## SEVENTH DEFENSE

In the unlikely event a jury could find that Defendant took any affirmative adverse employment action against Plaintiff (which Bayfront denies), Plaintiff's claims are barred because Defendant's conduct was not motivated by any alleged attempt to exercise a right protected by USERRA by Plaintiff. 38 U.S.C. § 4311(c).

## EIGHTH DEFENSE

USERRA retaliation claims require proof that retaliation was the but-for cause of the challenged employment action. *See Ward v. UPS*, 580 F. App'x 735, 739 (11th Cir. 2014). Plaintiff's retaliation claims fail because he cannot meet this heightened standard of proof. To the extent Plaintiff can prove he engaged in a protected activity, Plaintiff cannot establish that his

protected activity was the but-for cause of any adverse action allegedly taken by Defendant.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because his own acts or omissions caused or contributed to any alleged losses or injuries.

### TENTH DEFENSE

Defendant avers that at all times relevant to the Complaint, it acted in good faith with regard to Plaintiff, that it had legitimate, non-retaliatory, and non-discriminatory reasons for the actions it took with respect to Plaintiff, and none of the actions taken were in violation of any law, including USERRA.

### ELEVENTH DEFENSE

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, any injuries for which Plaintiff may be seeking relief were caused, in whole or in part, by the conduct of others for whom Defendant is not liable.

### TWELFTH DEFENSE

If any improper, illegal, retaliatory, or discriminatory acts were taken by any of Defendant's employees against Plaintiff, which Defendant expressly denies, then said acts were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not authorized, ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

### THIRTEENTH DEFENSE

Defendant affirmatively avers that it neither acted nor relied upon any impermissible factors or unlawful criteria in any decision concerning Plaintiff.

**FOURTEENTH DEFENSE**

In the unlikely event a jury could find that Defendant took any affirmative employment action against Plaintiff and Defendant's conduct was motivated by a prohibited factor (both of which Defendant expressly denies), Defendant would have taken the same adverse employment action against Plaintiff even in the absence of the alleged impermissible motivating factor.

**FIFTEENTH DEFENSE**

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Plaintiff's claims and/or damages may be limited, in whole or in part, by the doctrine of after-acquired evidence or unclean hands.

**SIXTEENTH DEFENSE**

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, in the event Plaintiff is determined to be entitled to back or front pay (which Defendant expressly denies), Plaintiff failed to mitigate his damages.

**SEVENTEENTH DEFENSE**

Defendant denies it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, in the event Plaintiff is determined to be entitled to any damages (which Defendant expressly denies), any claim for damages must be set off and/or reduced by wages, compensation, pay, commissions, benefits,

and all other earnings or remunerations, profits, and benefits which accrued to Plaintiff after the alleged unlawful act, or which were earnable or receivable with reasonable diligence.

## EIGHTEENTH DEFENSE

Defendant denies that it committed any unlawful actions with respect to Plaintiff or that Plaintiff is entitled to any relief. Pleading in the alternative and without admitting any wrongful conduct of Defendant or any of its employees, agents, or representatives, Defendant engaged in good faith efforts to comply with USERRA and other laws applicable to Plaintiff's employment.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant, Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health St. Petersburg f/k/a Bayfront Hospital, prays that the Complaint be dismissed with prejudice and that Defendant recover its costs and its attorneys' fees and such other relief as the Court deems appropriate.

DATED this 10th day of December, 2020.

    Respectfully submitted,

    FORDHARRISON, LLP

    By: /s/ Tracey K. Jaensch
        Tracey K. Jaensch, B.C.S
        Florida Bar No. 907057
        tjaensch@fordharrison.com
        Viktoryia Johnson, Esq.
        Florida Bar No.: 0125545
        vjohnson@fordharrison.com
        101 E. Kennedy Boulevard, Suite 900
        Tampa, Florida 33602
        Telephone: (813) 261-7800

        Attorneys for Bayfront HMA Healthcare
        Holdings, LLC d/b/a Bayfront Health St.
        Petersburg f/k/a Bayfront Hospital

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2020, the foregoing has been served by the Florida Court's E-filing portal which will provide an electronic copy to:

Thomas L. Dickens, III, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, Florida 32801
tdickens@forthepeople.com
mfermaint@forthepeople.com

/s/Tracey K. Jaensch
Attorney

WSACTIVELLP:11916656.1