UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEQUOYAH OZOROWSKY,

    Plaintiff,

v.

BAYFRONT HMA HEALTHCARE HOLDINGS, LLC d/b/a BAYFRONT HEALTH ST. PETERSBURG f/k/a BAYFRONT HOSPITAL,

    Defendant.

CASE NO.: 8:20-cv-02564

# DEFENDANT'S MOTION TO DISMISS COUNTS IV THROUGH IX OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health St. Petersburg f/k/a Bayfront Hospital ("Bayfront" or "Defendant"), moves for entry of an order dismissing Counts IV through IX of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The grounds supporting the motion are set forth in more detail below:

    1.    On November 2, 2020, Plaintiff Sequoyah Ozorowsky ("Plaintiff") filed his kitchen-sink, nine-count Complaint in this Court. [DE 01, Compl.].

    2.    Counts I through III of Plaintiff's Complaint allege claims for violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). [Compl. at ¶¶29-48]. Bayfront answered Plaintiff's Complaint and asserted defenses with respect to Counts I through III under USERRA on December 10, 2020. [DE 11].

    3.    Count IV of Plaintiff's Complaint purports to allege a claim for violations of the Florida Uniformed Servicemembers Protection Act ("FUSPA"), Florida Statutes §§ 250.81-250.84. Plaintiff does not allege in which way Bayfront allegedly violated FUSPA.

4.  Count V purports to allege a claim for actual and perceived disability discrimination under the Americans with Disabilities Act of 1990, as amended ("ADAAA"). Plaintiff claims Bayfront discriminated against him "because he exercised his rights under the ADAAA by notifying Defendant of his need for a work accommodation related to his disability." [Compl. at ¶¶53-64].

5.  Count VI purports to allege a claim for actual and perceived disability discrimination under the Florida Civil Rights Act of 1992 ("FCRA"). Plaintiff claims Bayfront treated him differently than similarly situated employees. [Compl. at ¶¶65-73].

6.  Count VII purports to allege a claim for ADAAA retaliation. Plaintiff claims he was retaliated against for "notifying Defendants [sic] of his need for a work accommodation related to his disability." [Compl. at ¶¶74-85].

7.  Count VIII purports to allege a claim for retaliation under the FCRA. It is based on the same allegations as Plaintiff's ADAAA retaliation count. [Compl. at ¶¶86-92].

8.  Finally, Count IX purports to allege a claim for retaliation under the Florida's Private Sector Whistleblower's Act, Fla. Stat. § 448.102 ("FWA"). Plaintiff claims Bayfront retaliated against him "because of Plaintiff's complaints." [Compl. at ¶¶93-99].

9.  Counts IV through IX of Plaintiff's kitchen-sink Complaint are terminally deficient, and the Court should dismiss these Counts for failure to state a cause of action.

## MEMORANDUM OF LAW

### I. DISMISSAL STANDARD

"[A] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 692 (11th Cir. 2014) (citation and quotations omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (only

requiring "enough facts to state a claim to relief that is plausible on its face"). The courts are "not required to accept bare labels and legal conclusions in a complaint as true." *Fitzpatrick*, 580 F. App'x at 692 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The well-pled allegations must "nudge[] [a plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. When no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall Cnty. Bd. of Ed. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

"A complaint states a facially plausible claim for relief 'when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 F. App'x 318, 322 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). *Iqbal* reaffirmed the threshold pleading standard for all civil cases—bare assertions of alleged wrongdoing are legally insufficient:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . . The plausibility standard is not akin to a "probability requirement," but it asks for *more than a sheer possibility that a defendant has acted unlawfully*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

556 U.S. at 678 (emphasis added) (citations omitted). Determination of whether a complaint states a plausible claim for relief "'requires the reviewing court to draw on its judicial experience and common sense.'" *Carollo v. Boria*, 833 F.3d 1322, 1328 (11th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Here, Plaintiff's Counts IV though IX are deficient. Full of nothing but "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *Iqbal*, 556 U.S. at 678, Counts IV through IX only "formulaic[ally] recit[e]" the elements of the purported causes of action, *Twombly*, 550 U.S. at 555. Plaintiff's factually unsupported labels and legal conclusions do not meet the

3

pleading requirement of Fed. R. Civ. P. 8, and, this Court should dismiss Counts IV through IX of Plaintiff's Complaint for failure to state a cause of action.

**II.      COUNT IV SHOULD BE DISMISSED, WITH PREJUDICE, BECAUSE NO PRIVATE CAUSE OF ACTION EXISTS UNDER FUSPA.**

Count IV of Plaintiff's Complaint purports to allege a claim for violations of FUSPA, Florida Statutes §§ 250.81-250.84. With respect to this Count, Plaintiff states only that FUSPA "fully incorporates by reference" USERRA and sets forth a civil penalty liability for violations of FUSPA. [Compl. at ¶¶49-52]. Plaintiff does not state in which way Bayfront allegedly violated FUSPA. Plaintiff cannot state a cause of action for violations of FUSPA because the Florida legislature has not contemplated a private cause of action to enforce FUSPA.

The expressly stated legislative intent behind FUSPA is:

> that men and women who serve in the National Guard of any state, the United States Armed Forces, and Armed Forces Reserves understand their rights under applicable state and federal laws. Further, it is the intent of the Legislature that Florida residents and businesses understand the rights afforded to the men and women who volunteer their time and sacrifice their lives to protect the freedoms granted by the Constitutions of the United States and the State of Florida.

Fla. Stat. § 250.81. Section 250.81 is merely informational and does not provide any private cause of action. Next, § 250.82 reads:

> (1) Florida law provides certain protections to members of the United States Armed Forces, the United States Reserve Forces, and the National Guard in various legal proceedings and contractual relationships. In addition to these state provisions, federal law also contains protections, such as those provided in the Servicemembers Civil Relief Act (SCRA), Title 50, Appendix U.S.C. ss. 501 et seq., and the Uniformed Services Employment and Reemployment Rights Act (USERRA), Title 38 United States Code, chapter 43, that are applicable to members in every state even though such provisions are not specifically identified under state law.
>
> (2) To the extent allowed by federal law, the state courts have concurrent jurisdiction for enforcement over all causes of action arising from federal law and may award a remedy as provided therein.

Fla. Stat. § 250.82. Neither § 250.82(1) nor (2) provides a private cause of action.[1] Section 250.82(2) merely states that state courts have concurrent jurisdiction to enforce USERRA and other federal laws. No published opinion to date has interpreted § 250.82(2) as providing private litigants like Plaintiff with a cause of action. To the contrary, the few cases that have applied FUSPA suggest that there is no private cause of action to enforce FUSPA. *See, e.g.*, *Brown v. Lincoln Prop. Co.*, 354 F. Supp. 3d 1276, 1279 (N.D. Fla. 2019) ("[That FUSPA applies to private employers] does not mean . . . that FUSPA creates a private right of action. The statute does not indicate who may bring an action for and recover any 'civil penalty.'"); *Dep't of Highway Safety & Motor Vehicles v. Hightower*, 45 Fla. L. Weekly 2308 n.2 (Fla. 1st DCA 2020) (citing *Brown* and noting that the *Brown* court addressed FUSPA and held "that it does not create a private right of action and does not indicate who may bring an action and recover any 'civil penalty.'"); *see also* Improving State Governance: Critical Issues in State Administrative Law: A Symposium: *Looking Glass Law: Legislation by Reference in the States*, 68 LA. L. REV. 1201, 1205 (Summer 2008) ("[Subsection 250.82(2)] provides that state courts have concurrent jurisdiction to enforce the federal statute to the extent allowed by federal law, but there is no attempt to incorporate the federal statute as part of Florida substantive law." (citation omitted)). Further, nowhere in the legislative history of FUSPA does it appear that the Florida legislature intended to give litigants a private cause of action to enforce FUSPA.

Because there is no indication in the express language of the statute, in the legislative history, or in any published case law that the Florida legislature intended to provide private

---

[1] Section 250.905 cited by Plaintiff further states that, "[i]In addition to any other relief or penalty provided by state or federal law, a person is liable for a civil penalty of not more than $1,000 per violation if that person violates any provision of this chapter affording protections to members of the United States Armed Forces, the United States Reserve Forces, or the National Guard or any provision of federal law affording protections to such servicemembers over which a state court has concurrent jurisdiction under s. 250.82." Fla. Stat. § 250.905. The plain language of § 250.905 also does not contemplate any private cause of action.

5

litigants like Plaintiff a private cause of action to enforce FUSPA, the Court should dismiss Count IV of Plaintiff's Complaint, with prejudice. *See, e.g.*, *Ring v. Boca Ciega Yacht Club, Inc.*, No. 8:19-cv-772-T-33JSS, 2019 U.S. Dist. LEXIS 193478, at *32-33 (M.D. Fla. Nov. 7, 2019) (Covington, J.) ("[B]ecause a private right of action does not exist under Section 413.08, any amendment of this claim would be futile"; dismissing the count with prejudice); *see also Zinnia Chen v. Lester*, 364 F. App'x 531, 538 (11th Cir. 2010) (affirming the district court's denial of the plaintiffs' motion for leave to amend the complaint as futile because, even if the plaintiffs amended the complaint, they would not have been able to cure the deficiencies of the initial pleading since the ethical rules prescribed by the ABA did not provide them with a private cause of action).

### III.  COUNT V AND VI SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CAUSE OF ACTION FOR DISABILITY DISCRIMINATION

Counts V and VI of Plaintiff's Complaint purport to allege claims for disability discrimination under ADAAA and FCRA, respectively. Count V under ADAAA attempts to assert a failure to accommodate claim. [Compl. at ¶ 58 ("Defendant discriminated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his need for a work accommodation related to his disability.")]. Count VI under FCRA attempts to assert a claim for disparate treatment. [Compl. at ¶ 68 ("During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.")]. Plaintiff can state a cause of action under neither statute.

To state a claim for discrimination under the ADAAA, a plaintiff must demonstrate that (1) he has a disability, (2) he is a qualified individual, which is to say, able to perform the essential functions of the job he holds with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against him because of his disability. *Phillips v. Harbor*

*Venice Mgmt., LLC*, No. 8:19-cv-2379-T-33TGW, 2020 U.S. Dist. LEXIS 15061, at *13-15 (M.D. Fla. Jan. 30, 2020) (Covington, J.). Disability discrimination claims under the FCRA are analyzed under the same framework as ADAAA claims. *Id.* (citing *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000)). While failure to make reasonable accommodations for an otherwise qualified disabled employee constitutes discrimination under the ADAAA, the duty to provide such accommodation is only triggered when the employee makes a specific demand for accommodation. *Id.* (citing *Knowles v. Sheriff*, 460 F. App'x 833, 835-36 (11th Cir. 2012)). "Thus, the initial burden of requesting an accommodation is on the employee, and only after the employee has satisfied that burden and the employer failed to provide the accommodation can the employee prevail on a discrimination claim." *Id.*

> The sum total of Plaintiff's unspecific allegations concerning his alleged "disability" is:
>
> 23. While in basic training Plaintiff incurred a *debilitating injury*. Plaintiff advised his supervisor and HR that he had been *injured* while on active duty. He asked for the reasonable accommodation of extending his leave in order to treat for his *injury* . . . .
>
> 24. On or around August 24, 2019, Plaintiff advised Drew Sands that he would be discharged from the Army because of his *injury*. . . .
>
> 54. Plaintiff was a qualified individual with a *disability* recognized under the ADAAA.
>
> 55. Plaintiff was *disabled/perceived as disabled* by Defendants [sic].
>
> 57. Defendant discriminated against Plaintiff because of his *actual or perceived disability* in violation of the ADAAA.
>
> 66. Plaintiff was *disabled/perceived as disabled* by Defendant.
>
> 67. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes as it relates to Plaintiff's *medical condition*.
>
> 68. Plaintiff has been the victim of discrimination on the basis of his *disability or perceived disability*. . . .

[Compl. at ¶¶ 23-24, 54-55, 57, 66-68]. Plaintiff's allegations are insufficient under *Twombly/Iqbal* to state even the threshold element of a disability discrimination claim—*i.e.*, that Plaintiff had, at the time of the alleged adverse action, a qualifying disability.

As applicable here, an individual is considered "disabled" if he has "a physical or mental impairment that substantially limits one or more of his major life activities"[2] or is "regarded as having such an impairment."[3] *Powell v. Space Coast Credit Union*, No. 6:15-cv-550-Orl-22TBS, 2015 U.S. Dist. LEXIS 174041, at *11 (M.D. Fla. Dec. 23, 2015) (citing 42 U.S.C. § 12102(1)). Besides vague references to a "disability," an "injury," and a "medical condition," Plaintiff offers no clue as to *the type* of his alleged disability—not even if the alleged disability is mental or physical in nature. Nor does the Complaint identify *in which way* the claimed disability substantially limited Plaintiff's major life activities and *which* major life activities; or in *which way* Bayfront regarded Plaintiff as having an impairment. The Complaint also does not explain *in which way* Plaintiff was qualified to perform the essential functions of his job, notwithstanding the disability, and *whether* he could do so *with* or *without* accommodations, and *what type* of accommodations. Nor does it state *how* the claimed disability constituted the "actual" motivation behind any alleged adverse action. Plaintiff cannot build a viable claim for relief on bald legal conclusions without supporting facts. *E.g.*, *Chapman v. UPS*, 442 F. App'x 480, 485 (11th Cir. 2011) (affirming dismissal where plaintiff did not specify "what the disability was, or how it impaired a major life activity"); *Jones v. STOA Int'l/Florida, Inc.*, 422 F. App'x 851, 853 (11th Cir. 2011) (affirming dismissal where plaintiff "did not allege how . . . any major

---

[2] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* (citing 42 U.S.C. § 12102(2)).

[3] "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under [ADAAA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

life activity was impaired or perceived to be impaired by her staph infection, or that she suffered or was regarded as suffering from any long-term impacts); *Duckworth v. Symon Says Enters.*, No. 8:13-cv-2829-T-33AEP, 2014 U.S. Dist. LEXIS 14912, at *5 (M.D. Fla. Feb. 6, 2014) (Covington, J.) (dismissing the complaint, in part, because the plaintiff has failed to identify an actual disability that she suffered from or to sufficiently allege that her employer regarded her as having an impairment that substantially limited a major life activity); *Garcia v. Cameron*, No. 2:10-cv-487-FtM-29DNF, 2010 U.S. Dist. LEXIS 139305, at *12 (M.D. Fla. Dec. 30, 2010) (dismissing the complaint that failed to allege "*what*, if any," was plaintiff's disability).

As to Plaintiff's alleged request for accommodations, Plaintiff states only that "[h]e asked for the reasonable accommodation of extending his leave in order to treat for his injury and until the Army released him." [Compl. at ¶ 23]. The Complaint does not articulate *when*, *where*, *from whom*, and *how many times* Plaintiff allegedly requested this accommodation; whether Plaintiff provided any *medical support* for his request; whether there were any *alternative* reasonable accommodations; *in which way* Plaintiff was limited in performing his job without accommodations; *in which way* the requested accommodation was going to enable Plaintiff to perform his essential job functions; and *what was the duration* of the allegedly requested extended leave—*i.e.*, was it of a limited duration or open-ended.[4] The Complaint does not plead enough factual matter to even conclude that extended leave was a *reasonable* accommodation under the circumstances. Plaintiff's failure to include the necessary factual allegations in his Complaint constitutes another basis for dismissal. *See Phillips*, 2020 U.S. Dist. LEXIS 15061, at *14-15 (Covington, J.) (dismissing the disability discrimination count where the complaint did

---

[4] "An employer's obligation to provide a reasonable accommodation does not require that it wait for an indefinite period of time for the accommodation to have the desired effect." *Powell*, 2015 U.S. Dist. LEXIS 174041, at *14.

9

not articulate when, where, or to whom the plaintiff requested reasonable accommodations, what reasonable accommodations she requested, or how many times she requested them).

Also, Plaintiff has failed to allege how his alleged request for an accommodation of extended leave was linked to his alleged disability and the essential functions of his Patient Access Associate – Registrar job, which constitutes another separate basis for dismissal. *See, e.g., Cooper v. Cmty. Haven for Adults & Children with Disabilities*, No. 8:12-cv-1041-T-33EAJ, 2013 U.S. Dist. LEXIS 266, at *19 (M.D. Fla. Jan. 2, 2013) (Covington, J.) (dismissing disability discrimination claim where plaintiff failed to explain how her request for accommodations was linked to her alleged disability and the essential functions of her job). Even further, **the Complaint does not even state that Plaintiff's request for accommodation of an extended leave was denied**, which, in and of itself, warrants dismissal. *See Ponce v. City of Naples*, No. 2:17-cv-137-FtM-99CM, 2017 U.S. Dist. LEXIS 96170, at *12-13 (M.D. Fla. June 22, 2017) ("The Court agrees with the City that plaintiff has not plausibly alleged that he made a reasonable accommodation request *that was refused by the City*"; dismissing the failure to accommodate disability count (emphasis added)); *Cooper*, 2013 U.S. Dist. LEXIS 266 (Covington, J.) (granting a motion to dismiss ADAAA claims where the plaintiff failed to allege that she asked for and *was denied* a specific accommodation).

As to Plaintiff's disparate treatment claims, Count VI states: "During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees." [Compl. at ¶ 68]. However, Plaintiff has made no specific factual allegations as to *who*, allegedly, was treated differently than he during his employment at Bayfront; whether the comparator(s) are actually *similarly situated* to Plaintiff in

*all material respects*; and *in which way* Plaintiff's alleged treatment differed from that of the comparators'.

Plaintiff's failure to plausibly plead comparators or the alleged difference in treatment is grounds for dismissal. *See, e.g.*, *Litman v. Dristy*, 703 F. App'x 766, 769 (11th Cir. 2017) (affirming dismissal where the plaintiff did not identify comparators in the amended complaint); *Phillips*, 2020 U.S. Dist. LEXIS 15061, at *14 (Covington, J.) (noting that, although the plaintiff pointed to other employees who were treated differently from her, she did not clearly allege that she ever requested the same accommodations as purported comparators); *Coleman v. Am. Airlines, Inc.*, No. 19-23516-CIV, 2020 U.S. Dist. LEXIS 24564, at *19 (S.D. Fla. Feb. 11, 2020) ("Plaintiff must do more than simply allege other employees were given better treatment" (collecting cases); granting defendant's motion to dismiss); *Williams v. Steven M. Larimore Med. Data Sys.*, No. 18-14031-CIV, 2018 U.S. Dist. LEXIS 164319, at *15 (S.D. Fla. Sep. 24, 2018) (simply alleging that a particular person is "similarly situated" is a legal conclusion and insufficient to survive a motion to dismiss). In *Uppal v. Hosp. Corp. of Am.*, this Court said:

> Uppal's discrimination counts state in a conclusory fashion that other similarly situated employees not of Uppal's [protected classes] were not treated in the same way as Uppal. Uppal does not allege any facts to support these conclusory allegations. **District courts frequently dismiss discrimination claims when the allegations of disparate treatment are nothing more than legal conclusions unsupported by any facts**.

No. 8:09-cv-634-T-33TBM, 2011 U.S. Dist. LEXIS 71702, at *8 (M.D. Fla. July 5, 2011) (Covington, J.) (emphasis added) (collecting cases). Like in *Uppal*, here Plaintiff only alleges bare conclusions that "he was treated differently than similarly situated nondisabled/perceived-as-disabled employees"—but, no facts that illustrate the alleged favorable treatment. Therefore, Plaintiff has fallen short of the pleading requirement of Fed. R. Civ. P. 8, as articulated in *Iqbal/Twombly*, and Counts V and VI must be dismissed.

## IV. COUNT VII AND VIII SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CAUSE OF ACTION FOR RETALIATION[5]

Plaintiff's Complaint is not sufficiently well-pled to state a claim for retaliation under ADAAA or FCRA. In order to state a cause of action for retaliation, Plaintiff must allege that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and, (3) there was a causal link between the protected expression and the adverse action. *Powell*, 2015 U.S. Dist. LEXIS 174041, at *14.

Plaintiff bases his retaliation claim on allegations concerning requesting accommodation of an extended leave. [Compl. at ¶¶ 79, 90]. As set forth above, the Complaint alleges no specifics as to Plaintiff's alleged *disability*, which, allegedly, required accommodations, and as to *when*, *where*, *from whom*, and *how many times* Plaintiff allegedly requested this accommodation. Therefore, Plaintiff has not even sufficiently pled participation in a statutorily protected activity. *See Phillips*, No2020 U.S. Dist. LEXIS 15061, at *12 (Covington, J.) (dismissing the retaliation count, in part, because the plaintiff has not alleged when she requested an accommodation of leave); *Powell*, 2015 U.S. Dist. LEXIS 174041, at *15 (dismissing the retaliation count, in part, because the plaintiff has not sufficiently pled a disability).

Also, Plaintiff has not alleged a causal connection between his alleged request for accommodations and the alleged adverse action. Plaintiff only states that "[h]e asked for the reasonable accommodation of extending his leave" on an unknown date, [Compl. at ¶ 23], and, "[o]n September 3, 2019, Plaintiff reported to Defendant to resume his job" and "was advised he had been terminated," [Compl. at ¶ 25]. The Complaint makes no attempt to causally connect the two events, which is grounds for dismissal. *See Collins v. Dep't of Children & Families*, No.

---

[5] Retaliation claims under the ADAAA and the FCRA follow the Title VII analysis. *Phillips v. Harbor Venice Mgmt., LLC*, No. 8:19-cv-2379-T-33TGW, 2020 U.S. Dist. LEXIS 15061, at *10 (M.D. Fla. Jan. 30, 2020).

1:19-cv-21236, 2020 U.S. Dist. LEXIS 138770, at *7 (S.D. Fla. Aug. 3, 2020) (dismissing retaliation claims where the plaintiff has not established connection between the protected act and adverse action: "Plaintiff states that her 'unlawful termination was connected to her protected activity' of filing complaints without sufficiently showing a causal connection" (citation omitted)); *Hargett v. Fla. Atl. Univ. Bd. of Trs.*, No. 9:15-cv-80349-CIV, 2015 U.S. Dist. LEXIS 191860, at *9 (S.D. Fla. Dec. 15, 2015) (dismissing the retaliation count where the plaintiff "has failed to sufficiently allege that the alleged adverse action was causally related to the protected expression"). Because Plaintiff offers no facts whatsoever regarding when he allegedly requested accommodations, it is impossible to determine if he has sufficiently alleged a causal connection between the two events. *See Duckworth*, 2014 U.S. Dist. LEXIS 14912, at *5 (Covington, J.) (noting that, where the complaint offered no facts regarding when the plaintiff engaged in a statutorily protected activity, it was impossible to determine if she has sufficiently alleged a causal connection between her termination and protected activity; dismissing the retaliation claim). As such, Counts VII and VIII must be dismissed.

## V. COUNT IX SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE A STATUTORILY PROTECTED ACTIVITY THAT WOULD SUPPORT A CLAIM FOR FWA RETALIATION

Count IX purports to allege a claim for retaliation under FWA by alleging Bayfront retaliated against Plaintiff "because of Plaintiff's complaints." [Compl. at ¶¶93-99]. As to the alleged "complaints," Plaintiff states only that:

> 21. Plaintiff *objected to the violation of law and also reported the violation of law* to Lori Sparr in the HR Department. Prior to mobilizing for basic training, Plaintiff delivered a copy of his orders to his newly assigned supervisor, Drew Sands. Mr. Sands refused to approve of Plaintiff's leave request. Plaintiff again *objected to the violation of law and reported the violation of law* to HR.

[Compl. at ¶ 21]. To establish a *prima facie* case of retaliation under the FWA, Plaintiff must allege that: (1) he engaged in protected whistleblowing activity; (2) he suffered an adverse

13

employment action; and (3) a causal connection exists between the two events. *Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125, 1133 (Fla. 4th DCA 2003); *see also White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005). As it relates to § 448.102(3), Fla. Sta., Plaintiff must show he was terminated because he "objected to or refused to participate in any activity, policy, or practice of the employer which *is* in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3) (emphasis added); *see also Devries v. Fla. Cancer Specialists, P.L.*, No. 8:14-cv-1365-T-33TGW, 2014 U.S. Dist. LEXIS 102593, at *5-6 (M.D. Fla. July 28, 2014) (Covington, J.) ("[T]o survive Defendant's Motion, Devries must sufficiently establish that she objected to an activity, policy, or practice of Defendant that *actually* violated a law, rule, or regulation." (emphasis in the original)). Further, to state an FWA claim, Plaintiff must plead facts to establish that: (a) there is a rule, law, or regulation that prohibits the complained of conduct; (b) an actual violation occurred versus just a "good faith" hunch about a violation; and (c) the conduct is attributable to the employer. *See Colon v. Total Renal Care, Inc.*, No. 8:07-cv-151, 2007 U.S. Dist. LEXIS 85263 (M.D. Fla. Oct. 25, 2007).

  **A. Plaintiff Cannot Show He Is Entitled to FWA Protection Because His Allegations Do Not Identify Any Law, Rule, or Regulation Allegedly Violated**

A plaintiff attempting to allege an FWA cause of action must *specifically* state what law, rule, or regulation, the policy or practice to which he allegedly objected allegedly violates. *See Ramirez v. Bausch & Lomb, Inc.*, 546 F. App'x 829, 832 n.1 (11th Cir. 2013) (citing *Schultz v. Tampa Elec. Co.*, 704 So. 2d 605, 606 (Fla. 2d DCA 1997)); *Gonzalez v. Kellogg Co.*, No. 8:15-cv-32-T-24TBM, 2015 U.S. Dist. LEXIS 45303, at *7 (M.D. Fla. Apr. 7, 2015) (dismissing a complaint that did not "identify which violation of 'law, rule, or regulation' the [d]efendant allegedly committed"). Failure to specify the "law, rule or regulation" makes the complaint

subject to ***dismissal with prejudice*** for failure to state a cause of action. *See Schultz*, 704 So. 2d at 606.

> In *Schultz*, Florida's Second District Court of Appeal affirmed the trial court's decision:
>
> [Plaintiff] failed to identify in his memorandum the violation by [the employer] of any law, rule, or regulation. After a hearing, the trial court entered an order granting [the employer's] motion to dismiss with prejudice.
>
> In the order, the trial court noted that it was required to construe the whistle blower act liberally because it is a remedial statute. Applying a liberal construction, the trial court found that [plaintiff's] second amended complaint sufficiently alleged that [plaintiff] voiced his objections to [the employer] and threatened to disclose what [plaintiff] viewed as offending practices. The trial court further found, however, that *the complaint did not allege a violation* by [the employer] *of any law, rule, or regulation*. Thus, the trial court concluded that the second amended complaint did not state a cause of action under the whistle blower act and *dismissed it with prejudice*.

*Id.* at 606 (emphasis added). Like in *Schultz,* Plaintiff failed to specifically state what law, rule, or regulation, the policy or practice that he allegedly objected to was allegedly violated. Plaintiff states only that: "Plaintiff objected to the *violation of law* and also reported the *violation of law* to Lori Sparr in the HR Department"; "Plaintiff again objected to *the violation of law* and reported the *violation of law* to HR"; and "Defendant violated Florida Statutes §448.102 by taking retaliatory personnel actions against Plaintiff . . . because of Plaintiff's complaints to Defendant . . . that Defendant's actions were *violations of the Florida and/or Federal law*." [Compl. at ¶¶ 21, 97].

A "law, rule, or regulation" is defined as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance, applicable to the employer and pertaining to the business." Fla. Stat. § 448.101(4). "By defining 'law, rule, or regulation' as a statute or ordinance that is 'applicable to the employer and pertaining to the business,'" the Florida Legislature limited the scope of actionable violations. *Little v. Foster Wheeler Constructors, Inc.*, No. 09-61003-CIV, 2010 U.S. Dist. LEXIS 51082, at *20 (S.D. Fla.

15

May 24, 2010), *aff'd*, 432 F. App'x 907 (11th Cir. 2011). "By the definition provided in section 448.101(4), the phrase 'law, rule or regulation' refers to enactments of a legislative or administrative forum." *Bush v. Raytheon Co.*, 373 F. App'x 936, 940 (11th Cir. 2010). The last part of the definition was interpreted to mean that "'the conduct complained of must be in violation of a law, rule or regulation that is somehow more specifically applicable to the business, as opposed to the public at large.'" *Little*, 2010 U.S. Dist. LEXIS 51082, at *20.

In *Little*, the plaintiff voiced objections to (1) a supervisor's sexual relationship with a subordinate; (2) illegal drug use on the job in violation of a statute; (3) theft of company property by a co-worker; and (4) a supervisor ordering the plaintiff to provide clean urine to falsify drug tests. *Id.* at *26-30. The court held that the plaintiff did not cite specific laws, rules or regulations, and her allegations were *not actionable* under FWA. *Id.* at *29-30. As in *Little*, the Complaint fails to cite to *any* specific law, rule, or regulation that Bayfront allegedly violated. Plaintiff's failure to cite to *any* "law, rule or regulation" subjects his Complaint to *dismissal with prejudice* under the authority of *Schultz*. *See also Devries*, 2014 U.S. Dist. LEXIS 102593, at *8 (Covington, J.) (dismissing the FWA count where the plaintiff's conclusory statements did not sufficiently put the defendant on notice of the claim against it; namely what law the defendant allegedly violated).

### B. Plaintiff's Allegations Do Not Allege Any Violations Constituting an Activity, Policy, or Practice of Bayfront

Section 448.102(3) forbids retaliation where an employee "[o]bjected to, or refused to participate in, any *activity, policy, or practice of the employer* which is in violation of a law, rule, or regulation." Fla. Stat. 448.102(3) (emphasis added). Plaintiff's alleged objections relate to Bayfront's alleged refusal to grant his leave for basic training and/or to return him to work following his leave. [Compl. at ¶¶ 20-21]. Plaintiff does not point to any actual policy or practice

by Bayfront that allows this alleged conduct, which is grounds for dismissal. *See Garcia v. Johnson & Wales Univ.*, No. 09-21545-CIV, 2009 U.S. Dist. LEXIS 111364, at *10-11 (S.D. Fla. Dec. 1, 2009) (stating that plaintiff did not engage in protected activity under FWA where he failed to identify the employer's specific policy or practice that allowed the allegedly illegal conduct).

Plaintiff is also required to show that the activity, policy, or practice to which he objected was "of the employer." Fla. Stat. § 448.102. To satisfy that requirement, Plaintiff must allege the objected-to activity was undertaken by the employer or by an employee within the legitimate scope of his employment, or his acts were ratified by the employer. *See McIntyre v. Delhaize Am., Inc.*, No. 8:07-cv-2370-T-30TBM, 2009 U.S. Dist. LEXIS 33026, at *8-9 (M.D. Fla. Apr. 17, 2009), *aff'd*, 403 F. App'x 448 (11th Cir. 2010). Here, Plaintiff does not allege that the activity, policy, or practice to which he allegedly objected was "of the employer." Because Plaintiff fails to allege a violation which constitutes an activity, policy or practice of Bayfront, Count IX should be dismissed.

## VI. CONCLUSION

Plaintiff's Complaint hardly alleges sustainable claims under FUSPA, ADAAA, FCRA, or FWA. Full of nothing but "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *Iqbal*, 556 U.S. at 678, it fails to even "formulaic[ally] recit[e]" the elements of these causes of action, *Twombly*, 550 U.S. at 555. Plaintiff's factually unsupported labels and legal conclusions do not meet the pleading requirement of Fed. R. Civ. P. 8, and, this Court should dismiss Counts IV through IX of the Complaint for failure to state a cause of action. *Marshall Cnty. Bd. of Ed.*, 992 F.2d at 1174.

**WHEREFORE**, Defendant, Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health St. Petersburg f/k/a Bayfront Hospital, respectfully requests that this Court dismiss Counts IV through IX of Plaintiff's Complaint, and award Bayfront its costs and attorneys' fees and any such other relief that this Court deems just and proper.

Respectfully submitted,

FORD & HARRISON LLP

By: /s/ Tracey K. Jaensch
Tracey K. Jaensch, B.C.S.
Florida Bar No. 907057
tjaensch@fordharrison.com
Viktoryia Johnson
Florida Bar No. 125545
vjohnson@fordharrison.com
For the Firm
101 E. Kennedy Blvd., Suite 900
Tampa, Florida 33602
Tel: (813) 261-7800 Fax: (813) 261-7899

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Thomas L. Dickens, III, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, Florida 32801
tdickens@forthepeople.com
mfermaint@forthepeople.com

/s/Tracey K. Jaensch
Attorney

WSACTIVELLP:11923399.1