UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEQUOYAH OZOROWSKY,

    Plaintiff,

v.

BAYFRONT HMA HEALTHCARE HOLDINGS,
LLC d/b/a BAYFRONT HEALTH ST.
PETERSBURG f/k/a BAYFRONT HOSPITAL,

    Defendant.

CASE NO.: 8:20-cv-02564

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Bayfront HMA Medical Center, LLC d/b/a Bayfront Health St. Petersburg (incorrectly identified as "Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health St. Petersburg f/k/a Bayfront Hospital") ("Bayfront" or "Defendant"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("Complaint"). Responding to the specifically numbered paragraphs of the Complaint and using the same numbered paragraphs and headings that appear therein, Bayfront answers as follows:

In response to the unnumbered paragraph following the heading "Amended Complaint," Bayfront admits that Plaintiff, Sequoyah Ozorowsky ("Plaintiff"), has sued Bayfront, but Bayfront denies that Plaintiff is entitled to any relief or damages whatsoever.

**JURISDICTION & VENUE**

1.     Admitted.

2.     Admitted.

3.     Admitted.

1

4. Admitted.

## PARTIES

5. Denied.

6. In response to Paragraph No. 6 of Plaintiff's Complaint, Bayfront admits that Plaintiff worked for Bayfront for a period of time. Bayfront is without sufficient knowledge or information as to Plaintiff's state of residency or the definition of the terms "[a]t all times pertinent hereto," and, therefore, Bayfront denies the allegations that "[a]t all times pertinent hereto, Plaintiff, Sequoyah Ozorowsky . . . has been a resident of the State of Florida." Bayfront denies all remaining allegations in Paragraph No. 6 of Plaintiff's Complaint.

7. In response to Paragraph No. 7 of Plaintiff's Complaint, Bayfront admits it is organized and exists under the laws of the State of Florida; that it is an "employer" within the meaning of 38 U.S.C. § 4303(3), 42 U.S.C. § 12111(5), Fla. Stat. § 760.02(7), and Fla. Stat. § 448.101(3); and that it employed Plaintiff for a period of time. Bayfront denies all remaining allegations in Paragraph No. 7 of Plaintiff's Complaint.

8. In response to Paragraph No. 8 of Plaintiff's Complaint, Bayfront is without sufficient knowledge or information as to the definition of the terms "[d]uring the times relevant to this action," and therefore, Bayfront denies the allegations in Paragraph No. 8 of Plaintiff's Complaint.

9. In response to Paragraph No. 9 of Plaintiff's Complaint, Bayfront admits that this Court has jurisdiction over Plaintiff's claims; and that Bayfront is an "employer" within the meaning of 38 U.S.C. § 4303(3) and 42 U.S.C. § 12111(5). Bayfront denies all remaining allegations in Paragraph No. 9 of Plaintiff's Complaint.

# TITLE VII / PDA / ADA / FCRA STATUTORY PREREQUISITES[1]

10. In response to Paragraph No. 10 of Plaintiff's Complaint, Bayfront is without knowledge to admit or deny the allegations and therefore, Bayfront denies all remaining allegations in Paragraph No. 10 of Plaintiff's Complaint.

11. Denied.

12. Denied.

13. Denied.

14. In response to Paragraph No. 14 of Plaintiff's Complaint, Bayfront admits it is an "employer" within the meaning of 42 U.S.C. § 12111(5) and Fla. Stat. § 760.02(7). Bayfront is without sufficient knowledge or information as to the definition of the terms "the statutory criteria for coverage," and therefore, denies all remaining allegations in Paragraph No. 14 of Plaintiff's Complaint.

15. In response to Paragraph No. 15 of Plaintiff's Complaint, Bayfront admits Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4) and "person" within the meaning of Fla. Stat. § 760.02(6). Bayfront is without sufficient knowledge or information as to the definition of the terms "the statutory criteria for coverage," and therefore, denies all remaining allegations in Paragraph No. 15 of Plaintiff's Complaint.

16. In response to Paragraph No. 16 of Plaintiff's Complaint, Bayfront admits Plaintiff filed a charge of discrimination and was issued a right-to-sue letter dated August 5, 2020. Bayfront is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph No. 16 of Plaintiff's Complaint, and, therefore, denies all remaining

---

[1] In response to the heading on page 3 of Plaintiff's Complaint, Bayfront denies that Plaintiff has met any statutory prerequisites for, or has brought any claims under, Title VII or PDA, or can establish any claims for Title VII, PDA, ADA, or FCRA.

allegations, while specifically denying that any discrimination or retaliation have occurred.

17. In response to Paragraph No. 17 of Plaintiff's Complaint, Bayfront is without sufficient knowledge or information to admit or deny the allegations, and, therefore, Bayfront denies all allegations in Paragraph No. 17 of Plaintiff's Complaint.

**CONDITIONS PRECEDENT**

18. In response to Paragraph No. 17 of Plaintiff's Complaint, Bayfront is without sufficient knowledge or information to admit or deny the allegations, and, therefore, Bayfront denies all allegations in Paragraph No. 17 of Plaintiff's Complaint.

**STATEMENT OF *Alleged* ULTIMATE FACTS**

19. In response to Paragraph No. 19 of Plaintiff's Complaint, Bayfront admits that Plaintiff worked for Bayfront as a Patient Access Associate – Registrar for a period of time beginning in January 2019, and that he advised Bayfront that he attended basic training with the U.S. Army Reserve for a period of time. Bayfront denies the remaining allegations in Paragraph No. 19 of Plaintiff's Complaint.

20. In response to Paragraph No. 20 of Plaintiff's Complaint, Bayfront is without knowledge to admit or deny whether Plaintiff enlisted but admits that Plaintiff reported to his supervisor Kathy Delon that he would be attending basic training with the U.S. Army Reserve. Bayfront denies the remaining allegations in Paragraph No. 20 of Plaintiff's Complaint.

21. In response to Paragraph No. 21 of Plaintiff's Complaint, Bayfront admits that Plaintiff provided his basic training documents to Bayfront and assumes, without personal knowledge, that he subsequently began basic training. Bayfront denies the remaining allegations in Paragraph No. 21 of Plaintiff's Complaint.

22. In response to Paragraph No. 22 of Plaintiff's Complaint, Bayfront is without

knowledge sufficient to admit or deny the allegations but does not dispute that Plaintiff began basic training. Bayfront denies the remaining allegations in Paragraph No. 22 of Plaintiff's Complaint.

23. In response to Paragraph No. 23 of Plaintiff's Complaint, Bayfront admits only that Plaintiff told Bayfront that he had sustained an injury while in basic training and that he was not able to return to work due to his injury, that that Bayfront extended his leave and reasonably accommodated Plaintiff. Bayfront denies the remaining allegations in Paragraph No. 23 of Plaintiff's Complaint.

24. Denied.

25. In response to Paragraph No. 25 of Plaintiff's Complaint, Bayfront admits Plaintiff filed a complaint with the Department of Labor. Bayfront denies the remaining allegations in Paragraph No. 25 of Plaintiff's Complaint.

26. Denied.

27. Denied.

28. In response to Paragraph No. 28 of Plaintiff's Complaint, Bayfront is without sufficient knowledge or information as to Plaintiff's fee or services arrangement with his counsel, and, therefore, Bayfront denies the allegations that "Plaintiff has retained the undersigned to represent his interest in this cause and is obligated to pay a fee for these services." Bayfront denies all remaining allegations in Paragraph No. 28 of Plaintiff's Complaint.

**COUNT I**
***Alleged* FAILURE TO REEMPLOY IN VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT**

29. In response to Paragraph No. 29 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

30. In response to Paragraph No. 30 of Plaintiff's Complaint, Bayfront admits it is an "employer" within the meaning of 38 U.S.C. § 4303(3). Bayfront is without sufficient knowledge or information as to the definition of the terms "applicable statutes referenced above," and therefore denies the allegations that "Defendant is an employer as that term is used under the applicable statutes referenced above." The remaining allegations in Paragraph No. 30 of Plaintiff's Complaint do not contain factual allegations, and, therefore, no response is required.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**COUNT II**
***Alleged* DISCRIMINATION IN VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT**

38. In response to Paragraph No. 38 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT III
### *Alleged* RETALIATION IN VIOLATION OF THE UNIFORMED SERVICEMEMBERS EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

44. In response to Paragraph No. 44 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT IV
### *Alleged* DISABILITY/PERCEIVED DISABILITY DISCRIMINATION UNDER THE ADAAA

49. In response to Paragraph No. 49 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

50. In response to Paragraph No. 50 of Plaintiff's Complaint, Bayfront admits that the ADAAA prohibits discrimination against qualified individuals on the basis of disability under 42 U.S.C. § 12112(a), but Bayfront denies that Plaintiff was a qualified individual with an ADAAA-qualifying disability and that any discrimination has occurred. The remaining allegations in Paragraph No. 50 of Plaintiff's Complaint do not contain factual allegations, and, therefore, no response is required.

51. In response to Paragraph No. 51 of Plaintiff's Complaint, Bayfront admits that Plaintiff represented to Bayfront that he had suffered a knee injury while in basic military training, which resulted in his medical discharge from the U.S. Army Reserves. Bayfront is without sufficient knowledge or information as to the remaining allegations in this paragraph, and, therefore, denies all remaining allegations in Paragraph No. 51 of Plaintiff's Complaint.

52. Denied.

53. In response to Paragraph No. 53 of Plaintiff's Complaint, Bayfront admits that it is an "employer" within the meaning of 42 U.S.C. § 12111(5) and that it employed Plaintiff for a period of time. Bayfront denies all remaining allegations in Paragraph No. 53 of Plaintiff's Complaint.

54. In response to Paragraph No. 54 of Plaintiff's Complaint, Bayfront admits Plaintiff represented to Bayfront that he had suffered a service-connected injury and had been medically discharged from the U.S. Army Reserves. Bayfront denies all remaining allegations in Paragraph No. 54 of Plaintiff's Complaint.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**COUNT V**
***Alleged* DISCRIMINATION UNDER CHAPTER 760 FLORIDA STATUTE**

62. In response to Paragraph No. 62 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

63. In response to Paragraph No. 63 of Plaintiff's Complaint, Bayfront admits Plaintiff has brought this action for alleged disability discrimination under Chapter 760, Florida Statutes, but Bayfront denies that any disability discrimination in violation of Chapter 760, Florida Statutes, has occurred, and denies all remaining allegations in Paragraph No. 63 of Plaintiff's Complaint.

64. The allegations in Paragraph No. 64 of Plaintiff's Complaint do not contain factual allegations, and, further, Florida Statute 760.10(1)(a) speaks for itself; therefore, no response is required.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## COUNT VI
## *Alleged* RETALIATION UNDER THE ADAAA

76. In response to Paragraph No. 76 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

77. Denied.

78. In response to Paragraph No. 78 of Plaintiff's Complaint, Bayfront admits that it is an "employer" within the meaning of 42 U.S.C. § 12111(5). Bayfront is without sufficient knowledge or information as to the definition of the terms "the applicable statutes," and, therefore, denies all remaining allegations in Paragraph No. 78 of Plaintiff's Complaint.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

**COUNT VII**
***Alleged* RETALIATION UNDER CHAPTER 760, FLORIDA STATUTES**

89. In response to Paragraph No. 89 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

90. The allegations in Paragraph No. 90 of Plaintiff's Complaint do not contain factual allegations, and, further, Florida Statute 760.10(1)(b) speaks for itself; therefore, no response is required.

91. Denied.

92. Denied.

93. In response to Paragraph No. 93 of Plaintiff's Complaint, Bayfront admits that it is an "employer" within the meaning of Fla. Stat. § 760.02(7). Bayfront is without sufficient knowledge or information as to the definition of the terms "the applicable statutes," and, therefore, denies all remaining allegations in Paragraph No. 93 of Plaintiff's Complaint.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## COUNT VIII
## *Alleged* VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLEBLOWER ACT. FLA. STAT. § 448.102 AS TO DEFENDANT

99. In response to Paragraph No. 99 of Plaintiff's Complaint, Bayfront restates and incorporates its responses to Paragraphs No. 1 through 28 above.

100. The allegations in Paragraph No. 100 of Plaintiff's Complaint do not contain factual allegations, and, further, Florida Statute § 448.102 *et seq.* speaks for itself; therefore, no response is required.

101. Denied.

102. In response to Paragraph No. 102 of Plaintiff's Complaint, Bayfront admits that Plaintiff was an "employee" within the meaning of Fla. Stat. § 448.07(1)(a) and that Bayfront employed Plaintiff for a period of time. Bayfront is without sufficient knowledge or information as to the definition of the terms "[a]t all times material to this action," and, therefore, Bayfront denies all remaining allegations in Paragraph No. 102 of Plaintiff's Complaint.

103. In response to Paragraph No. 103 of Plaintiff's Complaint, Bayfront admits that Bayfront is an "employer" within the meaning of Fla. Stat. § 448.07(1)(b) and that Bayfront employed Plaintiff for a period of time. Bayfront is without sufficient knowledge or information as to the definition of the term "regularly," and, therefore, Bayfront denies all remaining allegations in Paragraph No. 103 of Plaintiff's Complaint.

104. Denied.

105. Denied.

106. Denied.

## PRAYER FOR RELIEF

In response to the "Prayer for Relief" clause following Paragraph No. 106 of Plaintiff's Complaint, Defendant admits that Plaintiff has requested a jury trial and is seeking various damages and relief, but Defendant denies that Plaintiff is entitled to any damages or relief whatsoever, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Bayfront states that there were legitimate, non-discriminatory and non-retaliatory reasons for its actions, which were not pretextual and further states that it has not violated USERRA, or any other constitutional or statutory provision under which the alleged causes of action are or could be brought, nor has it taken or ratified any action with discriminatory or retaliatory purpose or intent, but rather has acted in good faith. Further, Bayfront has not authorized any action prohibited by law nor has it committed any unlawful employment practice; rather, Bayfront's actions were based upon good cause, were the result of reasonable factors necessary for business functions, and would have been taken regardless of any alleged violations of USERRA, if any exist.

### SECOND DEFENSE

Bayfront has in place a clear and well-disseminated policy against discrimination and retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Bayfront, or to avoid harm otherwise, Plaintiff failed to mitigate his damages.

### THIRD DEFENSE

To the extent Plaintiff has suffered any damages as a result of any unlawful act by Bayfront, which Bayfront expressly denies, Plaintiff is barred from recovering damages, or his damages are limited to the extent he has failed to make reasonable efforts to mitigate his alleged losses.

## FOURTH DEFENSE

To the extent Plaintiff has suffered any damages as a result of any unlawful act by Bayfront, which Bayfront expressly denies, Plaintiff's recovery in this lawsuit must be set off and/or reduced by all wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits, regardless of form, received by Plaintiff subsequent to the alleged adverse action Plaintiff claims to have suffered.

## FIFTH DEFENSE

All claims in the Complaint which did not accrue within the time frame prescribed by ADAAA, FCRA, FWA, USERRA, or any other applicable limitations period are barred.

## SIXTH DEFENSE

To the extent that Plaintiff engaged in misconduct during his employment with Bayfront, which, had Bayfront discovered such conduct during Plaintiff's employment it would have resulted in termination of his employment, any claims for damages or equitable relief are barred or limited accordingly by the after-acquired evidence doctrine or unclean hands.

## SEVENTH DEFENSE

Even assuming that Bayfront's employment actions concerning Plaintiff were influenced by an unlawful motive under USERRA, the existence of which is expressly denied, Bayfront nonetheless would have taken the same employment actions with respect to Plaintiff even in the absence of such unlawful motive.

**EIGHTH DEFENSE**

Plaintiff's ADAAA and FCRA discrimination and retaliation claims are barred to the extent they were not the subject of a timely charge of discrimination filed with the EEOC, FCHR, or other federal, state, or local fair employment practice agency, and are also barred to the extent Plaintiff failed to timely and properly exhaust all administrative remedies.

**NINTH DEFENSE**

Plaintiff's ADAAA and FCRA retaliation and discrimination claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination Plaintiff filed with the EEOC, FCHR, or other federal, state, or local fair employment practice agency.

**TENTH DEFENSE**

Plaintiff's claims are frivolous, unreasonable, groundless, and, accordingly, Bayfront is entitled to an award of attorneys' fees and costs associated with the defense of this action.

**ELEVENTH DEFENSE**

If any improper, illegal, retaliatory, or discriminatory acts were taken by any of Bayfront's employees against Plaintiff, which Bayfront expressly denies, it was outside the course and scope of that person's employment, contrary to Bayfront's policies, and was not ratified, confirmed, or approved by Bayfront. Thus, any such actions cannot be attributed or imputed to Bayfront.

**TWELFTH DEFENSE**

Plaintiff cannot state a claim upon which relief can be granted under § 448.102(3), *Fla. Stat.*, because he cannot show that he engaged in any statutorily protected activity (because he did not "[o]bject[] to, or refuse[] to participate" in, any activity, policy, or practice of the employer).

## THIRTEENTH DEFENSE

Plaintiff cannot state a claim upon which relief can be granted under § 448.102(3), *Fla. Stat.*, because he cannot show that he engaged in any statutorily protected activity (because his claims do not relate to "any activity, policy, or practice of the employer").

## FOURTEENTH DEFENSE

Plaintiff cannot state a claim upon which relief can be granted under § 448.102(3), *Fla. Stat.*, because Plaintiff cannot show that he engaged in any statutorily protected activity (because his claims do not relate to any activity, policy, or practice of the employer which is actually "in violation of a law, rule, or regulation").

## FIFTEENTH DEFENSE

Plaintiff cannot state a claim upon which relief can be granted under § 448.102(3), *Fla. Stat.*, USERRA, the FCRA or the ADA because Plaintiff was not subjected to any adverse personnel action (because Plaintiff voluntarily refused to return to work and was never terminated).

## SIXTEENTH DEFENSE

Plaintiff cannot state a claim upon which relief can be granted under § 448.102(3), *Fla. Stat.*, because Plaintiff cannot show temporal proximity between any alleged statutorily protected activity and any alleged adverse personnel action.

## SEVENTEENTH DEFENSE

Plaintiff cannot state a claim upon which relief can be granted under § 448.102(3), *Fla. Stat.*, to the extent that Plaintiff cannot show that any decision-makers were aware of any alleged statutorily protected activity of Plaintiff.

**EIGHTEENTH DEFENSE**

Plaintiff cannot state a claim for retaliation upon which relief can be granted under ADAAA, FCRA, or USERRA to the extent that Plaintiff cannot show that he engaged in any statutorily protected activity; that he was subjected to any adverse employment action; that there is temporal proximity between any alleged statutorily protected activity and any alleged adverse employment action; or that any decision-makers were aware of any alleged statutorily protected activity of Plaintiff.

**NINTEENTH DEFENSE**

Bayfront is not liable for any actions taken against Plaintiff, because, among other things, retaliatory motive was not the but-for cause for any employment decisions concerning Plaintiff.

**TWENTIETH DEFENSE**

Plaintiff's disability discrimination claims are barred, in whole or in part, to the extent that Plaintiff is not a qualified person with a disability/handicap.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims for failure to reemploy under USERRA are barred, in whole or in part, to the extent that Plaintiff has failed to comply with any statutory conditions for reemployment under 38 U.S.C. §§ 4304, 4312, or any other sections of USERRA or interpreting regulations.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims for failure to reemploy under USERRA are barred, in whole or in part, to the extent that Bayfront was excused from reemploying Plaintiff under 38 U.S.C. § 4312, or any other sections of USERRA or interpreting regulations.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims for discrimination under USERRA are barred, in whole or in part, to the

extent that Plaintiff cannot establish that he had a qualifying service-connected disability.

**TWENTY-FOURTH DEFENSE**

Bayfront engaged in good faith efforts to comply with the law. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of the law and, therefore, Plaintiff may not recover any punitive damages.

**TWENTY-FIFTH DEFENSE**

Plaintiff cannot establish that Bayfront either knew or showed reckless disregard for the matter of whether its conduct was prohibited by USERRA, and, therefore, Plaintiff may not recover liquidated damages under USERRA.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant, Bayfront HMA Medical Center, LLC d/b/a Bayfront Health St. Petersburg, prays that the Amended Complaint be dismissed with prejudice and that Defendant recover its costs and its attorneys' fees and such other relief as the Court deems appropriate.

DATED this 22nd day of January, 2021.

                        Respectfully submitted,

                        FORDHARRISON, LLP

                  By: /s/ Tracey K. Jaensch
                      Tracey K. Jaensch, B.C.S
                      Florida Bar No. 907057
                      tjaensch@fordharrison.com
                      Viktoryia Johnson, Esq.
                      Florida Bar No.: 0125545
                      vjohnson@fordharrison.com
                      101 E. Kennedy Boulevard, Suite 900
                      Tampa, Florida 33602
                      Telephone: (813) 261-7800

                      Attorneys for Bayfront HMA Medical Center, LLC d/b/a Bayfront Health St. Petersburg

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 22, 2021, the foregoing has been served by the Florida Court's E-filing portal which will provide an electronic copy to:

Thomas L. Dickens, III, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, Florida 32801
tdickens@forthepeople.com
mfermaint@forthepeople.com

                      /s/Tracey K. Jaensch
                      Attorney

WSACTIVELLP:11999217.1