```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

SEQUOYAH OZOROWSKY,

    Plaintiff,

v.                                    Case No. 8:20-cv-2564-VMC-AEP

BAYFRONT HMA HEALTHCARE
HOLDINGS, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Bayfront HMA Healthcare Holdings, LLC's Motion in Limine (Doc. # 61), filed on September 1, 2021. Plaintiff Sequoyah Ozorowsky responded on September 15, 2021. (Doc. # 63). For the reasons that follow, the Motion is granted in part and denied in part.

**I.  Background**

In this action, Ozorowsky asserts claims against his former employer, Bayfront, for: failure to reemploy in violation of the Uniformed Servicemembers Employment and Reemployment Rights Act (USERRA) (Count I); discrimination in violation of USERRA (Count II); retaliation in violation of USERRA (Count III); disability discrimination under the Americans with Disabilities Act (ADA) (Count IV); disability

1

discrimination under the Florida Civil Rights Act (FCRA) (Count V); retaliation under the ADA (Count VI); retaliation under the FCRA (Count VII); and violation of Florida's Private Sector Whistleblower Act (FWA) (Count VIII). (Doc. # 26).

Now, Bayfront seeks to exclude certain categories of evidence and argument from trial. (Doc. # 61). Ozorowsky has responded (Doc. # 63), and the Motion is ripe for review.

## II.  Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)(citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district

court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

4

### III. Analysis

Bayfront seeks to exclude three categories of evidence. The Court will address each in turn.

#### A. Eviction and Car Repossession

First, Bayfront seeks to preclude Ozorowsky "from introducing evidence, testimony, or argument related to any damages associated with eviction or car repossession — including the costs of allegedly lost "personal items" and a "ruined" credit score — because it is irrelevant and unfairly prejudicial to Bayfront, would mislead the jury as to permissible damages, and require Defendant to rebut the cause of Plaintiff's eviction, his credit, the cost of his car, etc., even though it is entirely irrelevant." (Doc. # 61 at 3). Bayfront insists consequential damages of these kinds are not recoverable under USERRA or any other statute under which Ozorowsky asserts a claim. (Id.).

In response, Ozorowsky acknowledges that his damages for USERRA violations are limited to "lost wages or benefits and liquidated damages" but that "the claims under the ADA, FCRA and FWA allow for non-economic damages." (Doc. # 63 at 1-2). According to him, "the loss of a car and the loss of a home as a result of [Bayfront's] refusal to promptly reemploy [Ozorowsky] directly relates to [his] non-economic loss

including, inter alia, emotional distress, loss of dignity, and embarrassment. Those damages are compensable under the ADA, FCRA and FWA remedy schedule." (Id. at 2).

The Court agrees that evidence of the eviction and car repossession is not admissible as evidence of consequential damages. However, evidence or testimony about these events is admissible to support Ozorowsky's claims for non-economic damages, such as emotional distress. Thus, the Motion is granted in part and denied in part as to this category of evidence.

### B. Claim of Homelessness

Bayfront also seeks to exclude "testimony, evidence, and argument that [Ozorowsky] became 'homeless' 'the week of Christmas,' due to Bayfront's alleged failure to reemploy him in August/September 2019" or other references to Ozorowsky as "homeless." (Doc. # 61 at 4). According to Bayfront, such testimony is irrelevant because "evidence about [Ozorowsky's] living conditions is of no consequence in determining the cause of action with respect to liability and damages." (Id. at 5).

The Court disagrees. While the Court will only allow limited reference to Ozorowsky's homelessness at trial to minimize its prejudicial impact, such testimony is relevant

to Ozorowsky's claim for emotional distress damages. Indeed, it is Ozorowsky's theory that "he became homeless and lost his car because Bayfront refused to give him his job back when he returned from the Army," resulting in emotional distress. (Doc. # 63 at 3). Given this, the Court cannot find that all reference to Ozorowsky's homelessness is inadmissible at this juncture.

The Motion is denied as to this category of evidence. But Bayfront may raise this objection again, if appropriate, at trial.

### C. Childhood

Finally, Bayfront seeks to exclude "testimony, evidence, and argument that [Ozorowsky's] parents passed away in his childhood and/or that he grew up in foster care and/or was raised by his older brother." (Doc. # 61 at 6).

Ozorowsky consents to the Motion as to his childhood and states that he "did not plan on eliciting any direct testimony . . . in regards to his childhood." (Doc. # 63 at 5). Thus, the Motion is granted as to this category of evidence and testimony.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Bayfront HMA Healthcare Holdings, LLC's Motion in Limine (Doc. # 61) is **GRANTED** in part and **DENIED** in part as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of September, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE