UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEQUOYAH OZOROWSKY,

    Plaintiff,

v.                                      Case No. 8:20-cv-2564-VMC-AEP

BAYFRONT HMA HEALTHCARE
HOLDINGS, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Sequoyah Ozorowsky's Motion in Limine (Doc. # 60), filed on September 1, 2021. Defendant Bayfront HMA Healthcare Holdings, LLC responded on September 15, 2021. (Doc. # 64). For the reasons that follow, the Motion is granted in part and denied in part.

**I.    Background**

In this action, Ozorowsky asserts claims against his former employer, Bayfront, for: failure to reemploy in violation of the Uniformed Servicemembers Employment and Reemployment Rights Act (USERRA) (Count I); discrimination in violation of USERRA (Count II); retaliation in violation of USERRA (Count III); disability discrimination under the Americans with Disabilities Act (ADA) (Count IV); disability

1

discrimination under the Florida Civil Rights Act (FCRA) (Count V); retaliation under the ADA (Count VI); retaliation under the FCRA (Count VII); and violation of Florida's Private Sector Whistleblower Act (FWA) (Count VIII). (Doc. # 26).

Now, Ozorowsky seeks to exclude certain categories of evidence and argument from trial. (Doc. # 60). Bayfront has responded (Doc. # 64), and the Motion is ripe for review.

## II. Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)(citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district

court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

### III. Analysis

Ozorowsky seeks to exclude four categories of evidence. The Court will address each in turn.

#### A. Disqualifying Discharge

First, Ozorowsky argues that Bayfront's "attorneys, witnesses and documents should not contain any reference, inference or argument that [Ozorowsky's] service characterization was disqualifying." (Doc. # 60 at 2-3). Because Ozorowsky's discharge was "uncharacterized," he is entitled to all rights under USERRA and argues Bayfront should be precluded from arguing that he is not so entitled. (Id. at 3).

Bayfront agrees "to exclude 'reference, inference or argument' by '[its] attorneys' and 'witnesses' that '[Ozorowsky's] service characterization was disqualifying.'" (Doc. # 64 at 1). But Bayfront requests that it not be required to "redact the 'Character of Service' notations on the government-issued documents" related to Ozorowsky's military service. (Id. at 2).

The Court agrees that the military documents, which merely reflect that Ozorowsky's character of service was "uncharacterized," need not be redacted as they do not suggest that Ozorowsky is not entitled to rights under USERRA. Thus,

5

the Motion is denied to the extent it can be construed as requesting such redaction. But the Motion is granted to the extent that Bayfront may not argue or present testimony at trial that Ozorowsky had a disqualifying discharge.

### B. Lay Witnesses Presenting Medical Opinions

Ozorowsky also argues to exclude evidence of lay witnesses' "beliefs as to what caused [his] disability and/or injury or how [his] disability and/or injuries would prevent him from performing his job duties." (Doc. # 60 at 4). He also argues that Bayfront "should be barred from presenting lay witness opinions or any other evidence with respect to what why type of medical restrictions [Ozorowsky] had as a result of his disability and/or injuries." (Id.).

While the Court certainly agrees that lay witnesses may not provide expert medical testimony, such as diagnosing Ozorowsky with a medical condition, the lay witnesses may testify as to their own observations and impressions of Ozorowsky's health and physical condition. See Leme v. S. Baptist Hosp. of Fla., Inc., 248 F. Supp. 3d 1319, 1335 (M.D. Fla. 2017) ("Although a lay witness may not draw inferences, she can testify as to her observations even if the subject matter is technical."); Zamboni v. R.J. Reynolds Tobacco Co., No. 3:09-cv-11957-SAS, 2015 WL 221150, at *2 (M.D. Fla. Jan.

6

13, 2015) ("[L]ay witness testimony is not precluded just because the topic — addiction — is technical in nature. But neither does this make every lay opinion about addiction admissible. Rather, . . . Rule 701 limits lay testimony about addiction to firsthand observations — *i.e.,* the observations themselves, as opposed to inferences *drawn from* observations."). This includes whether a witness, for example, observed Ozorowsky limping and whether such observation left the witness with an impression about Ozorowsky's ability to work.

Lay testimony as to the witnesses' own impressions and mental state regarding Ozorowsky's health is highly probative in this case because Ozorowsky's disability discrimination claims are based solely on the "regarded as" theory of disability. (Doc. # 58 at 25-26). Thus, as Bayfront persuasively argues, "the issues of Bayfront's witnesses' state of mind and beliefs as to whether or not [Ozorowsky] had an impairment that substantially limited a major life activity, whether he could or could not perform the essential functions of his job without accommodations, and whether or not he had restrictions are central and directly relevant to [his] 'perceived as' theory of discrimination." (Doc. # 64 at 3).

The Motion is denied as to this category of evidence.

### C. Treatment of Other Individuals

Next, Ozorowsky argues to exclude "[a]ny reference or suggestion that [Bayfront] has employed or attempted to employ individuals with disabilities, and/or veterans, or that it generally treats people with disabilities and/or veterans in a fair manner." (Doc. # 60 at 4). According to him, "[s]uch evidence would be irrelevant, confusing and highly prejudicial pursuant to [Rules] 401 and 403. The issue for the jury is not what happened to others, but what happened to [] Ozorowsky." (Id. at 4-5).

The Court declines to exclude such evidence at this time. Much of Ozorowsky's case relies on his proving that Bayfront had a discriminatory motive in its treatment of him. Bayfront is correct that it's maintenance of a policy concerning USERRA rights, its treatment of previous employees, and the attitudes of the employees who were involved in the decision-making in this case are all highly relevant to whether Bayfront possessed a discriminatory motive. See, e.g., Gill v. Petroleum Co-Ordinators, Inc., No. 6:14-cv-02869, 2016 WL 4574169, at *5 (W.D. La. Aug. 31, 2016) (describing defendant's "written policy stating that the company 'respects and honors any employee who provides services in

8

any branch of the uniform services' and 'will comply with any and all federal and state laws concerning employees who engage in uniform services'" as evidence that defendant did not have a discriminatory motive); Johnson v. Vill. of Rockton, No. 04 C 50223, 2007 WL 5720626, at *3 (N.D. Ill. Nov. 1, 2007) ("Because Hendriksen also was in the National Guard, any evidence of hostility towards Hendriksen around the same time as [plaintiff's] termination would be relevant to determining whether defendant discriminated against employees associated with the military. On the other hand, favorable treatment of Hendriksen would tend to show that the employer did not have such a disposition."). The risk of prejudice does not outweigh the probative value of this evidence.

The Motion is denied as to this category of evidence. But Ozorowsky may raise his objections to specific testimony or evidence again at trial.

### D. Undue Burden or Fundamental Alteration

Finally, Ozorowsky moves to exclude the "undue burden or fundamental alteration defenses or any evidence that reemploying [him] would have been costly, expensive, inconvenient, or administratively burdensome." (Doc. # 60 at 5).

Bayfront "does not object [to Ozorowsky's] request in limine on this point" because it "does not intend to argue that 'cost or administrative difficulties it might have or would have incurred in reemploying [Ozorowsky],' precluded reemployment." (Doc. # 64 at 8). Thus, the Motion is granted as to this category of evidence.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Sequoyah Ozorowsky's Motion in Limine (Doc. # 60) is **GRANTED** in part and **DENIED** in part as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of September, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE