UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEQUOYAH OZOROWSKY,

    Plaintiff,

v.                                                                Case No. 8:20-cv-2564-VMC-AEP

BAYFRONT HMA HEALTHCARE
HOLDINGS, LLC,

    Defendant.
_____/

## VERDICT FORM

**A.**    **USERRA – 38 U.S.C. § 4312 – Reemployment**

**Do you find from a preponderance of the evidence:**

1. That Mr. Ozorowsky proved he met the eligibility requirements of his USERRA right to reemployment claim?

    Answer Yes or No    __Yes__

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section B. If your answer is "Yes," go to the next question.

1

2.  That Bayfront did not promptly reemploy Mr. Ozorowsky to the position he would have attained had he not been absent for military service or to a position of like seniority, status and pay?

    Answer Yes or No     __No__

    If your answer is "No," this ends your deliberations for this claim, and you should move on to Section B. If your answer is "Yes," go to the next question.

3.  That Mr. Ozorowsky should be awarded damages to compensate for a net loss of wages and benefits?

    Answer Yes or No     _____

    If your answer is "Yes," in what amount?     $_____

    If you did not award damages in response to Question No. 3, this ends your deliberations for this claim, and you should move on to Section B. If you awarded damages in response to Question No. 3, go to the next question.

4.  That Bayfront proved by a preponderance of the evidence that Mr. Ozorowsky failed to mitigate his damages?

    Answer Yes or No     _____

    Go to the next question.

5.  That Bayfront willfully violated the law?

Answer Yes or No  _____

**B.   USERRA – 38 U.S.C. § 4311(a) – USERRA Discrimination**

**Do you find from a preponderance of the evidence:**

1.   That Mr. Ozorowsky performed service in/had an obligation to perform service in a uniformed service?

Answer Yes or No   *Yes*

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section C. If your answer is "Yes," go to the next question.

2.   That Bayfront subjected Mr. Ozorowsky to an adverse employment action?

Answer Yes or No   *No*

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section C. If your answer is "Yes," go to the next question.

3.   That Mr. Ozorowsky's service obligation was a motivating factor that prompted Bayfront to take that action?

Answer Yes or No _____

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section C. If your answer is "Yes," go to the next question.

4. That Bayfront would have taken that action even if Bayfront had not taken Mr. Ozorowsky's service obligation in a uniformed service into account?

Answer Yes or No _____

If your answer is "Yes," this ends your deliberations for this claim, and you should move on to Section C. If your answer is "No," go to the next question.

5. That Mr. Ozorowsky should be awarded damages to compensate for a net loss of wages and benefits?

Answer Yes or No        __

If your answer is "Yes," in what amount?   $____

If you did not award damages in response to Question No. 5, this ends your deliberations for this claim, and you should move on to Section C. If you awarded damages in response to Question No. 5, go to the next question.

6. That Bayfront proved by a preponderance of the evidence that Mr.

Ozorowsky failed to mitigate his damages?

Answer Yes or No  _____

Go to the next question.

7. That Bayfront willfully violated the law?

Answer Yes or No  _____

## C. USERRA – 38 U.S.C. § 4311(b) – USERRA Retaliation

**Do you find from a preponderance of the evidence:**

1. That Mr. Ozorowsky, in good faith, engaged in an activity protected by USERRA?

Answer Yes or No  *Yes*

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section D. If your answer is "Yes," go to the next question.

2. That Bayfront took an adverse employment action against Mr. Ozorowsky?

Answer Yes or No  *No*

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section D. If your answer is "Yes," go to the next question.

3. That Mr. Ozorowsky's protected activity was a motivating factor that prompted Bayfront to take that action?

    Answer Yes or No    _____

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section D. If your answer is "Yes," go to the next question.

4. That Bayfront would have taken the same action even if Bayfront had not taken Mr. Ozorowsky's protected activity into account?

    Answer Yes or No    _____

If your answer is "Yes," this ends your deliberations for this claim, and you should move on to Section D. If your answer is "No," go to the next question.

5. That Mr. Ozorowsky should be awarded damages to compensate for a net loss of wages and benefits?

    Answer Yes or No    _____

    If your answer is "Yes," in what amount?    $_____

If you did not award damages in response to Question No. 5, this ends your deliberations for this claim, and you should move on to Section D. If you awarded damages in response to Question No. 5, go to the next question.

6. That Bayfront proved by a preponderance of the evidence that Mr. Ozorowsky failed to mitigate his damages?

Answer Yes or No _____

Go to the next question.

7. That Bayfront willfully violated the law?

Answer Yes or No _____

### D. ADA and FCRA Discrimination

**Do you find from a preponderance of the evidence:**

1. That Mr. Ozorowsky had a "disability?"

Answer Yes or No ___*No*___

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section E. If your answer is "Yes," go to the next question.

2. That Mr. Ozorowsky was a "qualified individual?"

Answer Yes or No _____

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section E. If your answer is "Yes," go to the next question.

3.  That Bayfront subjected Mr. Ozorowsky to an adverse employment action?

Answer Yes or No _____

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section E. If your answer is "Yes," go to the next question.

4.  That Bayfront took that action because of Mr. Ozorowsky's disability?

Answer Yes or No _____

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section E. If your answer is "Yes," go to the next question.

5. That Mr. Ozorowsky should be awarded damages to compensate for a net loss of wages and benefits?

Answer Yes or No _____

If your answer is "Yes," in what amount?   $ _____

6. That Bayfront proved by a preponderance of the evidence that Mr. Ozorowsky failed to mitigate his damages?

Answer Yes or No _____

7. That Mr. Ozorowsky should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No _____

If your answer is "Yes," in what amount?   $ _____

If you did not award damages in response to either Question Nos. 5 or 7, this ends your deliberations for this claim, and you should move on to Section E. If you awarded damages in response to Question Nos. 5 or 7 (or both), go to the next question.

8. That punitive damages should be assessed against Bayfront?

Answer Yes or No _____

If your answer is "Yes," in what amount?   $ _____

E.   **ADA and FCRA Retaliation**

**Do you find from a preponderance of the evidence:**

1. That Mr. Ozorowsky engaged in protected activity?

   Answer Yes or No        __Yes__

   If your answer is "No," this ends your deliberations for this claim, and you should move on to Section F. If your answer is "Yes," go to the next question.

2. That Bayfront took an adverse employment action against Mr. Ozorowsky?

   Answer Yes or No        __No__

   If your answer is "No," this ends your deliberations for this claim, and you should move on to Section F. If your answer is "Yes," go to the next question.

3. That Bayfront took the adverse employment action because of Mr. Ozorowsky's protected activity?

   Answer Yes or No        _____

If your answer is "No," this ends your deliberations for this claim, and you should move on to Section F. If your answer is "Yes," go to the next question.

4. That Mr. Ozorowsky should be awarded damages to compensate for a net loss of wages and benefits?

Answer Yes or No _____

If your answer is "Yes," in what amount?    $ _____

5. That Bayfront proved by a preponderance of the evidence that Mr. Ozorowsky failed to mitigate his damages?

Answer Yes or No    _____

6. That Mr. Ozorowsky should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No _____

If your answer is "Yes," in what amount?    $ _____

If you did not award damages in response to either Question Nos. 4 or 6, this ends your deliberations for this claim, and you should move on to Section F. If you awarded damages in response to Question Nos. 4 or 6 (or both), go to the next question.

7. That punitive damages should be assessed against Bayfront?

Answer Yes or No _____

If your answer is "Yes," in what amount?    $ _____

**F.  Florida Private Whistleblower Act**

**Do you find by preponderance of the evidence:**

1. That Mr. Ozorowsky, in good faith, engaged in protected activity?

    Answer Yes or No    _Yes_

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That Bayfront took an adverse employment action against Mr. Ozorowsky?

    Answer Yes or No    _No_

    If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3. That Mr. Ozorowsky's protected activity was but-for cause of Bayfront's action?

    Answer Yes or No    _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. That Mr. Ozorowsky should be awarded damages to compensate for a net loss of wages and benefits resulting from the adverse action?

   Answer Yes or No  _____

   If your answer is "Yes," in what amount?  $_____

5. That Bayfront proved by a preponderance of the evidence that Mr. Ozorowsky failed to mitigate his damages?

   Answer Yes or No  _____

6. That Mr. Ozorowsky should be awarded damages to compensate for emotional pain and mental anguish resulting from the adverse action?

   Answer Yes or No  _____

   If your answer is "Yes," in what amount?  $_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: 12-03-21