UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEQUOYAH OZOROWSKY,

    Plaintiff,

v.                                 Case No. 8:20-cv-2564-VMC-CPT

BAYFRONT HMA HEALTHCARE
HOLDINGS, LLC d/b/a BAYFRONT
HEALTH ST. PETERSBURG f/k/a
BAYFRONT HOSPITAL,

    Defendant.
_____/

**O R D E R**

Before the Court is the Defendant's *Verified Motion [ ] to Tax Costs*. (Doc. 117). After careful review and with the benefit of oral argument, the Defendant's motion is denied without prejudice.

I.

This action stems from a dispute between Plaintiff Sequoyah Ozorowsky (Ozorowsky) and his former employer, Defendant Bayfront HMA Healthcare Holdings, LLC (Bayfront), which arose after Ozorowsky enlisted in the U.S. Army Reserves in 2019 while working at Bayfront. (Doc. 26). According to Ozorowsky, when he notified his supervisor, Kathy Delon, that he would be attending basic

training, Delon told him that she would not hold his position and that he would not be reemployed upon his return. *Id.* Ozorowsky was deployed and sustained injuries during his military training. *Id.*

Later that year, Ozorowsky met with Bayfront employees Drew Sandt and Lee Ann Arbogast regarding his employment status. (Doc. 131). According to Arbogast, she offered Ozorowsky a job at Bayfront, but he declined. *Id.* Ozorowsky, however, alleged that Bayfront impermissibly insisted he apply to be rehired and failed to promptly reemploy him as required by the Uniformed Services Employment and Reemployment Rights Act (USERRA or the Act). *Id.*

Based upon these events, Ozorowsky initiated this action asserting claims against Bayfront for violations of the USERRA, the Americans with Disabilities Act, the Florida Civil Rights Act, and Florida's Private Sector Whistleblower Act. (Doc. 26).

At the close of discovery, the parties filed cross-motions for summary judgment, which the Court denied. (Doc. 58). The case was then tried to a jury, which found for Bayfront on all counts. (Doc. 102). The Clerk of Court entered Judgment in Bayfront's favor shortly thereafter. (Doc. 107).

By way of the instant motion, Bayfront now seeks reimbursement for $6,541.08 in costs. (Doc. 117). These costs consist of: (a) $190.00 for service of summonses and trial subpoenas; (b) $5,599.50 for printed or electronically recorded transcripts; and (c) $751.58 for copies of exhibits used at trial. *Id.* Ozorowsky opposes Bayfront's motion. (Doc. 124).

II.

Federal Rule of Civil Procedure 54 states that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal law, federal rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."). As the Eleventh Circuit has long recognized, Rule 54 creates a "strong presumption" in favor of awarding costs to the prevailing party. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (per curiam) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)); *see also Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (per curiam) (same) (citation omitted).

Courts, however, may only tax those costs which are authorized by law. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Two statutes are pertinent to Bayfront's motion. The first is 28 U.S.C. § 1920, which permits the assessment of costs only for:

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under [28 U.S.C. § 1923]; and (6) [c]ompensation of court appointed experts[ and interpreter services].

28 U.S.C. § 1920.

A prevailing party seeking the taxation of costs under section 1920 bears the burden of tendering adequate evidence to enable a court to determine the specific costs incurred by the party. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam). If the prevailing party makes a sufficient showing, the party opposing taxation must provide "some rationale" to bolster his contention that the court should reject the identified costs. *Geisler v. FedEx Ground Package Sys., Inc.*, 2017 WL 4404442, at *3 (M.D. Fla. Aug. 28, 2017) (citing *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007)), *report and recommendation adopted,* 2017 WL 4355559 (M.D. Fla. Oct. 2, 2017); *see also Mano Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (noting that the opposing party "must overcome" the presumption in favor of awarding costs to the prevailing party) (citation omitted).

The second statute of relevance here is the USERRA, which prohibits the taxing of costs against any person claiming rights under the Act. 38 U.S.C. § 4323(h)(1) ("No fees or court costs may be charged or taxed against any person claiming rights under this chapter."). The purpose of the USERRA, among other things, is to "encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service." *Id*. § 4301(a)(1).

Unlike section 1920, however, the contours of what a prevailing party must show under the USERRA are less settled. To better understand the case law that has developed in this area, some discussion is necessary.

The leading decision on the matter is *Chance v. Dallas County Hospital District*, 176 F.3d 294 (5th Cir. 1999). In that case, the plaintiff asserted claims pursuant to the USERRA, as well as other federal and state laws. *Id.* at 295. The defendant prevailed, and the trial court taxed costs against the plaintiff. *Id.* at 297.

On appeal, the plaintiff contended that the USERRA precluded assessing *any* costs against him because he brought some counts under the Act. *Id.* at 296. The Fifth Circuit rejected the plaintiff's argument as overbroad in light of Rule 54's express language and held that "the USERRA does not bar the taxing of costs for claims other than those established by the USERRA, even though [a plaintiff] also simultaneously pursues a cause of action under that [statute]." *Id*. The Fifth Circuit explained:

> If Congress had intended [the USERRA] to prohibit a court from awarding costs to a prevailing defendant, when a plaintiff pursues a cause of action under a statute other than the USERRA, while also pursuing one under that Act, then Congress would have made its intentions clear in the statute, or there would have been some enlightening evidence of such intention in the legislative history. That no such evidence exists bolsters our conclusion.

*Id*. at 297 (footnote omitted). Based upon its analysis, the court found that "[o]nly costs not attributable to the filing and advancing of [a] USERRA claim [could] be taxed." *Id.*

In remanding the case, the court instructed the trial court to "closely examine" the costs incurred and to "separate out and tax [the plaintiff] only those costs not related to his USERRA claim." *Id.* The court observed in this regard:

5

> [S]ome, most, or all costs attributable to other claims are also related to the USERRA claim. That is a matter to be first addressed by the trial court. We express no opinion thereon. But no costs of court directly attributable to the filing and prosecution of the USERRA claim may be assessed against [the plaintiff].

*Id.*

Several district courts in the Eleventh Circuit have since had occasion to interpret and apply the reasoning of *Chance*. In *Brinkley v. Dialysis Clinic, Inc.*, 2006 WL 566799, at *1 (M.D Ala. Mar. 1, 2006), for example, the court was called upon to assess the taxability of costs where the plaintiffs brought both USERRA and race discrimination claims. *Id.* The court granted summary judgment in the defendant's favor on the race discrimination claims, and the parties then proceeded to trial on the USERRA count. *Id*. The jury found in favor of the defendant on the USERRA claim as well, and the defendant later filed a motion seeking to recover various costs, including those related to deposition transcripts. *Id.*

After reviewing the matter, the court determined that the deposition costs were allowable, stating, *inter alia*, that "most of [the depositions] focused on the race-discrimination claims." *Id.* The court, however, sustained the plaintiff's objection to the costs pertaining to the trial of the USERRA count. *Id.* at *2.

More recently, in *Duncan v. Tyco Fire Products, LP*, 2018 WL 11309912, at *1 (N.D. Ala. Aug. 21, 2018), a court addressed an award of costs where the plaintiff asserted USERRA and non-USERRA counts against his employer. *Id*. The defendant obtained summary judgment on all counts and subsequently sought costs for

deposition transcripts and for copies of certain filings and evidentiary submissions. *Id*. The defendant argued it was entitled to half of such costs on the grounds that the plaintiff "spent a substantial amount of time in discovery attempting to develop his [non-USERRA] claim and . . . pursued his USERRA and [non-USERRA] claims equally." *Id.* at *2.

The court found this argument unavailing for two reasons. Citing *Chance*, it first concluded that merely because the requested costs were "equally attributable" to defending against the USERRA and non-USERRA claims did not provide "a sufficient basis for permitting their recovery." *Id*. at *2. Second, noting that a "'party seeking costs has the burden of submitting a request that enables the court to make a properly informed decision regarding their appropriateness,'" the court deemed the defendant's bill of costs to be lacking because it did "not enable the [court] to separate the costs related to defending against [the plaintiff's non-USERRA] claim from the costs related to defending against [his] USERRA claim." *Id*. at *1–2 (quoting *McLane v. Ethicon Endo-Surgery, Inc.*, 2014 WL 12629780, at *1 (M.D. Fla. June 13, 2014)). The court went on to explain in this respect that the defendant's assertion that the plaintiff "spent a 'substantial' amount of time in 'discovery' attempting to develop his [non-USERRA] claim d[id] not demonstrate the time devoted to that claim during the depositions [at issue] in sufficient detail for purposes of entitling [the defendant] to recovery of costs in connection with those depositions." *Id*. at *2. As a result, the court denied the costs claimed by the defendant. *Id*. at *3.

Courts outside of the Eleventh Circuit have also relied on *Chance* to disallow costs in actions involving USERRA claims. In *Lewis v. Rite of Passage, Inc.*, 2006 WL 3201317, at *1 (D. Colo. Nov. 3, 2006), for instance, the plaintiff brought a USERRA count against his employer and then amended his complaint to include a non-USERRA claim. *Id*. The defendant initially filed a summary judgment motion relative to only the non-USERRA count and then submitted a subsequent summary judgment motion on all claims, incorporating by reference the arguments contained in its first motion. *Id*. The court granted both motions, and the defendant thereafter filed a bill of costs pertaining to deposition transcripts and the exemplification and copying of documents. *Id*.

The *Lewis* court had no trouble authorizing the recovery of the exemplification and copying costs associated with the defendant's summary judgment motion directed purely at the plaintiff's non-USERRA claim, since those costs were "wholly and plainly separate" from the USERRA count. *Id*. at *3. The court denied those costs stemming from the defendant's summary judgment motion on all claims, however, on the ground that the motion "substantially" briefed solely the USERRA count. *Id.* at *4. The court also criticized the sufficiency of the defendant's arguments, stating that their "lack of specificity" rendered them "rather unhelpful in analyzing" the merits of the defendant's request. *Id*.

The court additionally considered costs arising from depositions taken before and after the plaintiff amended his complaint to add the non-USERRA claim and denied the former, concluding that those costs could not have been taken in connection

with the non-USERRA claim. *Id*. As for the depositions taken after the amended complaint, the court taxed only those costs for the deposition transcripts used in connection with the summary judgment motion concerned only with the non-USERRA claim. *Id*. at *5.

Lastly, in *Lisdahl v. Mayo Foundation for Medical Education & Research,* 2010 WL 11534353, at *1 (D. Minn. June 25, 2010), the court addressed the recovery of deposition costs where the plaintiff alleged both a USERRA and a non-USERRA claim. *Id*. The court disallowed the costs associated with a deposition that principally focused on the USERRA claim and only incidentally addressed the non-USERRA count, determining that the costs attributable to the latter count were de minimis and "too inconsequential to permit any principled allocation of those costs." *Id.* at *3. In support of its determination, the court found that based on *Chance*, *Lewis*, and *Brinkley*, it was limited to taxing the plaintiff solely for "those costs which [were] *not related* to his USERRA claim." *Id.* (citing *Chance*, 176 F.3d at 297).

Against this backdrop, the Court finds Bayfront's motion for the taxation of costs under the USERRA to be wanting.[1] A few examples will suffice to demonstrate this point.

As noted above, Bayfront seeks to recover costs for service of summonses and trial subpoenas. (Doc. 117). According to Bayfront, these costs were incurred in

---

[1] Given this finding, the Court need not decide at this point whether the sought-after costs are separately taxable under section 1920.

9

connection with securing the presence of record custodians from four commercial establishments, all of whom Bayfront intended to call as witnesses at trial to overcome Ozorowsky's objection to the authenticity of the documents it obtained from those businesses. *Id.* at 4–5. Bayfront posits that these service costs were "'reasonable and necessary' to the defense of [Ozorowsky's] non-USERRA claims," insofar as they pertained to Ozorowsky's purported failure to mitigate his damages. *Id*. at 5.

Mitigation appears to have been a factual question for the jury, however, which was asked about that issue in connection with Ozorowsky's USERRA claims. (Doc. 102). As best the Court can discern at this juncture, the service costs requested by Bayfront seem to be equally attributable to Ozorowsky's USERRA and non-USERRA claims and therefore non-taxable under the above case law. *See*, *e.g.*, *Chance*, 176 F.3d at 297 ("Only costs not attributable to the filing and advancing of [a] USERRA claim may be taxed."); *Duncan*, 2018 WL 11309912, at *2 (stating that costs which are "equally attributable" to defending against USERRA and non-USERRA claims are not recoverable).

Bayfront's argument that it is entitled to recover its deposition costs is likewise infirm. These costs pertain to the depositions of Ozorowsky and six witnesses—Arbogast, Sandt, Delon, Laurie Sparr, Rebecca Bullock, and Lisa Lafley. (Doc. 117 at 6–7).[2] Bayfront argues that such costs are taxable because they were "not solely

---

[2] These costs include attendance fees for the court reporter for Ozorowsky's deposition, as well as costs for all the depositions for items like condensed transcripts, technology packages, "post proceeding transcription request[s]," "production and archival," "read and sign service," and "expert/technical

10

related to [Ozorowsky's] USERRA claim," and were "reasonably necessary for use in the case with respect to [his] non-USERRA claims." (Doc. 117 at 7) (citing *Brinkley*, 2006 WL 566799, at *1–2); *see also id*. at 9–10 (asserting that the costs for the deposition transcripts are taxable because they were "reasonable and necessary" to the defense against the non-USERRA claims). To buttress this claim, Bayfront explains that Ozorowsky alleged he informed Arbogast and Sandt of the injury he suffered at basic training and requested a reasonable accommodation (i.e., facts presumably related to Ozorowsky's disability claims) and that he also complained to Arbogast about disability discrimination. *Id.* at 8–9. Bayfront further contends that that Ozorowsky was "questioned at length" about his disability and retaliation causes of action and that approximately "twenty percent" of Bayfront's summary judgment motion was dedicated to Ozorowsky's disability discrimination claims. *Id.* at 9. Lastly, Bayfront asserts that Ozorowsky (1) advanced his non-USERRA counts at trial; (2) listed the Sandt, Arbogast, and Sparr deposition transcripts as trial exhibits; and (3) included Sandt, Arbogast, Sparr, Delon, Bullock, and Lafley on his witness list. *Id.*

Although Bayfront generally asserts that the transcripts relate to Ozorowsky's non-USERRA claims, it must demonstrate more. Its conclusory statement, for instance, that Ozorowsky was deposed "at length" about some of his non-USERRA

---

pages." (Doc. 117-1). At oral argument, Bayfront conceded that the costs for "technology packages" were not taxable. This concession appears to be well founded. *See Shire Dev., LLC v. Mylan Pharms., Inc.*, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018), *report and recommendation adopted in part*, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018); *Comput. Program & Sys. Inc. v. Wazu Holdings, Ltd.*, 2019 WL 1119352, at *10 (S.D. Ala. Mar. 11, 2019).

11

counts lacks sufficient specificity, such as citations to the relevant pages in Ozorowsky's deposition. Without such details, the Court is unable "to separate the costs related to defending against [Ozorowsky's non-USERRA] claim[s] from the costs related to defending against [his] USERRA claim[s]." *Duncan,* 2018 WL 11309912, at *2.

Bayfront's efforts to recover the identified deposition costs is also deficient to the extent it argues that such costs need only be "reasonable and necessary" to the defense of a non-USERRA claim. This is not the applicable standard, as the prior case law makes clear. *See Chance*, 176 F.3d at 297; *Duncan*, 2018 WL 11309912, at *2.

Nor does it appear that Bayfront could meet the benchmark for taxing its deposition costs to Ozorowsky in any event. Indeed, the Court's preliminary review of the deposition transcripts reveals that four of them—those pertaining to Sparr, Delon, Lafley, and Bullock—mostly revolved around Ozorowsky's reemployment rights and military involvement. Moreover, while the Arbogast and Sandt transcripts seem to implicate Ozorowsky's non-USERRA claims (insofar as dealt with his alleged service-connected disability and reasonable accommodations for that disability), the testimony otherwise primarily relates to Ozorowsky's USERRA claims. In sum, it appears at most that the depositions were equally attributable to the USERRA and non-USERRA claims, which—as stated previously—is not enough to justify taxing those costs under the previously discussed case authority. *Chance*, 176 F.3d at 297; *Duncan*, 2018 WL 11309912, at *2.

Bayfront's request for copying costs is similarly unavailing. In its motion, Bayfront argues that the copies at issue "were associated with [Ozorowsky's] non-USERRA claims" and "would have been necessary even in the absence of [Ozorowsky's] USERRA claims." (Doc. 117 at 11–12). Bayfront fails, however, to explain which trial exhibits related to the non-USERRA counts or how the Court should otherwise parse those costs.[3] *Duncan,* 2018 WL 11309912, at *1–2 (stating that a "party seeking costs has the burden of submitting a request that enables the court to make a properly informed decision regarding their appropriateness," including by providing the requisite basis "to separate the costs related to defending against [a plaintiff's non-USERRA] claim from the costs related to defending against [his] USERRA claim[s]").

### III.

Based on the foregoing, it is hereby ORDERED:

1.  Bayfront's *Verified Motion [ ] to Tax Costs* (Doc. 117) is denied without prejudice.

2.  If Bayfront seeks to renew its motion, it shall confer with opposing counsel beforehand—either in person, over the phone, or via videoconference—in a good faith effort to resolve the matter. With respect to any such conferral, the parties

---

[3] An initial review of the trial exhibits suggests that all of them pertain in some way to Ozorowsky's USERRA claims.

13

should keep in mind the Court's analysis in this Order, as well as any concessions they made in their respective submissions and/or at oral argument.

SO ORDERED in Tampa, Florida, this 9th day of September 2022.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record